### 11383

### BURBAGE v. CURRY *ET AL.*

#### (121 S. E., 267)

1. MASTER AND SERVANT—EVIDENCE HELD TO SHOW AUTOMOBILE DRIVER WAS OWNER'S AGENT.—Evidence that the roads were wet and slippery, the automobile was new, and the wife of owner was an inexperienced driver, *held* to support a finding that an experienced

driver driving the automobile at her request at the time of the accident was the agent of the owner, notwithstanding evidence that owner had forbidden his wife to allow any one else to drive the automobile.

2. MASTER AND SERVANT—AGENT MUST BE WITHIN SCOPE OF AGENCY TO RENDER PRINCIPAL LIABLE FOR TORT.—Before a principal is responsible for the tort of another, who is alleged to have been his agent, it must appear that such person was his agent, and that the tort was committed while the agent was engaged, not simply within the apparent, but within the actual, scope of the agency.

3. MASTER AND SERVANT—AUTOMOBILE DRIVER'S AGENCY HELD FOR JURY.—Whether an automobile owner has rebutted the presumption that a person using the automobile in owner's service was his agent *held* for the jury, unless no reasonable man could come to the conclusion that he was not owner's agent.

Before SEASE, J., Greenville, January, 1923. Affirmed.

Action by H. P. Burbage against W. E. Curry and Fred Drummond. Judgment for plaintiff and defendants appeal.

*Messrs. Martin & Blythe,* for appellant, W. E. Curry, cite: *Driver of car not agent of owner* 97 S. C., 171; 102 S. C., 146; 124 S. C., 1; 124 S. C., 342; 67 S. C., 395; 87 S. C., 176; 272 N. W., 215.

*Messrs. Bonham, Price & Poag,* for respondent, cite: *Complaint as to conduct of party should be made at the time:* 82 S. C., 87. *Agency of driver for principal:* 21 R. C. L., 854; 97 S. C., 171; 29 L. R. A. (N. S.), 856.

December 29, 1923.    Petition for rehearing dismissed February 14, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for damages on account of a collision between the automobile of the plaintiff and that of the defendant Curry, due to the alleged negligence of the defendant Drummond, who was at the time operating the automobile of the defendant Curry.

The jury rendered a verdict in favor of the plaintiff for $500, and the defendants have appealed.

The main contention of the defendant Curry upon the trial of the case was that he was not responsible for the negligence, if any, of the defendant Drummond who was driving the car, based upon the following facts which the evidence in his behalf tended to show:

The car belonged to Curry, whose family consisted of himself and his wife. He testified that he had not authorized Drummond to drive it and had given Mrs. Curry express instructions not to allow other persons to drive it. She testified less strongly that when the car was bought Mr. Curry stated that after she learned to drive it he preferred that she allow no one else to do so. On the morning of the day of the collision Mrs. Curry drove the car to Greenville, and in returning that afternoon took in the young man Drummond, a student at Furman University, and her brother, a boy about 12 years old. She testified that she was not an expert driver, and "I asked Fred (Drummond) if he would not drive because he was a very careful driver and never had any trouble, and he was considered an excellent driver"; that they had not had the car very long; that it had rained very hard before they started to return.

While it is true that before a principal can be held responsible for the tort of another who is alleged to have been his agent, it must be made to appear that such person was his agent, and that the tort was committed while the agent was engaged, not simply within the apparent, but within the actual scope of the agency (*Goble v. Express Co.,* 124 S. C., 19; 115 S. E., 900), the Circuit Judge, in view of the foregoing evidence could not have directed a verdict in favor of the defendant Curry upon either ground, that it did not appear that Drummond was his agent, or that Drummond was not at the time actually engaged in the scope of his agency.

Under the cases of *Davis v. Littlefield,* 97 S. C., 171; 81 S. E., 487. *Osteen v. Oil Co.,* 102 S. C., 146; 86 S. E., 202; L. R. A. 1916B, 629, and *Keen v.*

*Army Cycle Co.,* 124 S. C., 342; 117 S. E., 521, when one is found in possession of property of another, using it in the service of such other, he is presumed to be the servant of the owner. This presumption follows through the entire case and requires rebuttal evidence on the part of the owner (*McLeod v. R. Co.,* 93 S. C., 71; 76 S. E., 19, 705), and the issue is one for the jury subject to the rule laid down in the case just cited:

"When no reasonable man could fail to come to the conclusion that the presumption had been so destroyed, and there is no other evidence of negligence [or as in the case at bar of the fact of agency], then it would not only be within the power of the Court, but its duty to order a nonsuit or direct a verdict for the defendant."

Aside from the weakness of the defendant's testimony, faintly supported by the testimony of Mrs. Curry, that she was forbidden to allow any one else to drive the car, if it had been of the most positive character, the jury may reasonably have drawn the conclusion that, under the extraordinary circumstances of the case, the authority of Mrs. Curry may well have extended to engaging Drummond. There had been a hard rain; the roads were slippery; the car had but recently been bought; Mrs. Curry had not had sufficient experience to become expert; her mother and little brother were passengers; Drummond was an experienced driver. It is not unreasonable to assume that if Curry had himself been present when the party left Greenville he would have insisted upon exactly what Mrs. Curry did. At any rate these matters were for the jury.

The question is concluded by the *Davis v. Littlefield Case (supra),* where the Court says:

"The authorities cited by appellant concede that if Randolph was driving his mother, the appellant would be responsible, and the ground of responsibility would have been that in driving his mother, Randolph would have been in the performance of the appellant's business. If Randolph

had employed a hired driver to take Randolph and his friends out for a pleasure ride, the responsibility of appellant would have been equally clear. The machine would have been used for its sole purpose, i. e., the family pleasure. The fact that the son drove himself did not in any way change the business for which the machine was used."

We find nothing in the exceptions requiring further consideration.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.