## 18465

PACIFIC INSURANCE COMPANY OF NEW YORK, Respondent, v. FIREMAN'S FUND INSURANCE COMPANY, Willie Brunson, Mary Kennedy, Mitchell Hopkins, and LeGrand Altman, Ronald Feagin and Luther B. Hardee, Three Minors over the age of fourteen, of whom Fireman's Fund Insurance Company is, Appellant.

(147 S. E. (2d) 273)

*Messrs. Willcox, Hardee, Houck, Palmer & O'Farrell,* of Florence, *for Appellant,*

*Messrs. Bridges, Bridges & Whisenhunt,* of Florence, *for Plaintiff-Respondent,*

*Waddell Byrd, Esq.,* of Marion, *for Respondent, Mitchell Hopkins.*

February 16, 1966.

BUSSEY, Justice.

This appeal, in a Declaratory Judgment action, raises the question of whether one Willie Brunson was an insured under a standard automobile liability policy issued by the appellant Fireman's Fund Insurance Company to one Peter Gibson, on April 3, 1964. Admittedly he was not such an insured under the terms of the policy and the appeal is from an order of the circuit court holding that he was such an insured by virtue of the provisions of Act No. 312 of the 1963 Acts of the General Assembly, approved the 14th day of June, 1963, now codified as Sections 46-750.31 and 46-750.32, Title 46, Chapter 8, Article 5, of the 1965 Cumulative Supplement to the 1962 Code of Laws.

As pointed out in the brief of plaintiff-respondent, the appellant's brief does not comply with Section 3 of Rule 8 of this court. Under "questions involved" appellant purportedly

sets forth such questions. The argument portion of the brief does not state any question or questions, has no division into parts or separation as to particular points, and nowhere in the brief is there any reference to any specific exception or exceptions, as required by the above cited rule. The transcript of record shows appellant's exceptions to be seven in number, and from its brief, it cannot readily be determined just which execptions are being argued and which have been abandoned.

In the fairly recent case of *U. S. Fidelity and Guaranty Co. v. First National Bank*, 244 S. C. 436, 137 S. E. (2d) 582, we had occasion to point out the importance of, and the reasons for, compliance with the provisions of Section 3, of Rule 8, but refrained from dismissing the appeal for noncompliance in that case for the reason stated in the opinion. In the instant case we would be fully justified in dismissing, and would dismiss, the appeal for noncompliance were it not for the fact that the basic issue involved is one which we deem of sufficient importance to the bar and bench of the state to warrant our passing thereupon, even though appellant's brief fails to comply with the rule.

Willie Brunson in July, 1964, while driving an automobile owned by one Mary Kennedy, upon which automobile there was no liability insurance, was involved in a collision which resulted in some property damage and personal injuries to several parties. Brunson is the stepson of Peter Gibson, appellant's policy holder, and at all relevant times lived with his mother and stepfather. It is apparently conceded that, under the terms of the policy issued to Gibson, liability coverage was extended to Brunson while driving the Kennedy automobile if he was an insured. The contention of the appellant is simply that Brunson was not such an insured by virtue of the statutory provisions above mentioned.

Code Section 46-750.31 reads as follows:

"Definitions.—As used in this article:

\* \* \*

"(2) The term "insured" means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above."

Section 46-750.32 of the Code is as follows:

"No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle, as follows: ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and five thousand dollars because of injury to or destruction of property of others in any one accident."

The effective date of the foregoing statutory provisions, as above mentioned, was June 14, 1963. All statutory provisions relating to an insurance contract are part of the contract; hence, the provisions of the foregoing sections must be considered as though they were written in the policy here involved, which was issued long subsequent to the effective date of such statutory provisions. *Williams v. Penn. Nat. Mut. Ins. Co.*, 246 S. C. 396, 143 S. E. (2d) 797.

The appellant acknowledges the correctness of the foregoing proposition, but argues that under a proper construction of the statutory provisions, Brunson was not an insured by virtue thereof. In the case of *Davidson v. Eastern Fire & Casualty Ins. Co.*, 245 S. C. 472, 141 S. E. (2d) 135, which arose prior to the approval of Act No. 312 of the 1963 Acts, it was held that the same language now contained in Code Section 46-750.31, defining the term "insured", referred to two classes of insureds, each having a specific period of coverage; the first of which is "The named insured, his spouse and his or her relatives resident in the same household, 'while in a motor vehicle or otherwise'; * * *." Brunson was, of course, a relative (the son) of the spouse of the named insured and resident in the same household, and, accordingly, amoung such class of insureds.

Prior to the passage of Act No. 312 of the 1963 Acts, the statutory definition of the term "insured" applied only to the use of that term in the several statutory provisions providing for and regulating uninsured motorist coverage. See 1962 Code Section 46-750.11, Subsection (2). The 1963 Act, however, removed such limitation upon the application of the statutory definition. As the statute now reads, Section 46-750.31 expressly provides who shall be an insured in all liability insurance policies mentioned and described in Section 46-750.32 of the Code. The language of the two Code Sections is, we think, quite clear and they, accordingly, need no construction. The policy here is clearly one within the purview of Section 46-750.32, and since the language of Section 46-750.31 governs who is required to be an insured under such policy, it follows that the circuit court was correct in holding that Willie Brunson was an insured by virtue of said statutory provisions.

It may not be amiss to here point out a matter which has apparently given rise to some confusion with respect to the. proper construction of some provisions of the Motor Vehicle Safety Responsibility Act. When this Act was initially passed, Act No. 723 of the Acts of 1952, and in subsequent

legislation, the term "Motor Vehicle Liability Policy" was used to denote a policy certified as proof of financial responsibility.

The said Motor Vehicle Safety Responsibility Act was amended by Act No. 311 of the Acts of 1959, by the insertion of provisions for uninsured motorist coverage, and in certain other particulars. An analysis of that Act indicates that the legislature intended to provide that all automobile liability policies issued in this state should meet certain requirements, and that those policies certified as proof of financial responsibility should meet certain additional requirements not necessary in other policies.

In the 1962 codification of the Motor Vehicle Safety Responsibility Act, the codifier gave to Article 5, Chapter 8, Title 46, the subtitle "Motor Vehicle Liability Policies", but included in said Article statutory provisions apparently applicable only to certified policies, as well as provisions applicable to all policies. Act No. 312 of the Acts of 1963 struck out Article 5 in its entirety, and inserted in lieu thereof a new Article 5. An analysis of this latter Act indicates that the legislature endeavored to avoid any further confusion by very succinctly and separately setting forth in the new Article 5 only the statutory provisions applicable to all automobile liability policies. Elsewhere in the Act additional requirements applicable to certified policies are set forth. In the Cumulative Supplements to the Code since 1963, Chapter 8, Article 5, now apparently contains, in accordance with the intent of the legislature, only those statutory provisions which the legislature intended to apply to all automobile liability policies, whether certified or not. In the Code Supplements, however, Article 5 still carries the subtitle, "Motor Vehicle Liability Policies", terminology used elsewhere in the statutory law to denote a certified policy.

We do not intend by the foregoing discussion of the history and codification of the Motor Vehicle Safety Respon-

sibility Act to judicially decide any question not immediately before us in the instant case. What we have said is intended only to point out our belief that a more appropriate subtitle for Article 5 and a careful analysis, by those concerned, of the various statutory enactments will tend to avoid in the future some confusion which has existed in the past.

For the reasons hereinabove set forth, the judgment of the lower court is affirmed.

Affirmed.

Moss, Lewis and Brailsford, JJ., concur.