18946

Norma Jean WILLIS, by her Guardian ad Litem, Dewey E. Willis, Appellant, v. FIDELITY AND CASUALTY COMPANY OF NEW YORK, Respondent.

(169 S. E. (2d) 282)

*Messrs. Odom, Nolen & Foster, Johnson & Smith* and *James J. Raman,* all of Spartanburg, *for Appellant,*

92

*Messrs. Fulmer, Barnes, Berry & Austin,* of Columbia, *for Respondent,*

*Messrs. John Gregg McMaster* and *Robert J. Thomas,* of Columbia, *for Southern Farm Bureau Casualty Insurance Company, as Amicus Curiae,*

*Messrs. Nelson, Mullins, Grier & Scarborough,* of Columbia, *for State Farm Mutual Automobile Insurance Company, as Amicus Curiae,*

*Messrs. Odom, Nolen & Foster, Johnson & Smith* and *James J. Ramin,* all of Spartanburg, *in Reply.*

July 30, 1969.

BRAILSFORD, Justice.

The sole question involved on this appeal is whether the exclusion of an automobile owned by a member of the

household of the named insured from the "nonowned automobile" coverage of a liability insurance policy is inconsistent with the Motor Vehicle Safety Responsibility Act, as amended, and hence invalid. It arises on these facts.

Charles R. Russell and his mother, Mary Russell, resided with Guy G. Scruggs, Mrs. Russell's father, as members of his household. Mrs. Russell owned an uninsured 1954 Chevrolet. Mr. Scruggs owned a 1955 Chevrolet which was the described automobile in a liability insurance policy issued to him by Fidelity and Casualty Company of New York on July 14, 1965. Charles, while driving his mother's uninsured automobile, negligently injured Norma Jean Willis. Miss Willis sued Charles to judgment and then sued Mr. Scruggs' insurance carrier. She appeals from an adverse judgment of the circuit court.

The policy in question provides coverage to an insured while driving an automobile not listed in the policy with the following exception:

"(b) This insuring agreement does not apply:

"(1) to any automobile owned by or furnished for regular use to either the named insured or a member of the same household * * *."

This case falls squarely within the quoted exclusionary clause. There can be no recovery against the insurer unless the Motor Vehicle Safety Responsibility Act required that liability coverage be furnished to the insured's grandson under the recited facts.

Plaintiff's reliance is upon two sections of the Act as amended by Act No. 312 of 1963, which appear as Section 46-750.31(2) and Section 46-750.32, 1968 Cumulative Supplement, Code of 1962. The first of these defines the term "insured." The second specifies the character and extent of coverage required of automobile liability policies issued in this State. We quote the two sections:

Sec. 46-750.31(2). "The term 'insured' means the named insured and, while resident of the same household, the

spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above."

Sec. 46-750.32. "No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle * * *.

This definition of "insured," which had formerly been applicable only to uninsured motorist coverage (Sec. 46-750.11(2), Code of (1962), was made applicable to liability coverage by Act No. 312 of 1963. *Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co.*, 247 S. C. 282, 147 S. E. (2d) 273 (1966). In the original formulation of this definition, the use of the words "while in a motor vehicle or otherwise" was appropriate, although probably unnecessary, to emphasize the legislative intention that the named insured, his spouse and his or her relatives residing in the same household should have the benefit of uninsured motorist coverage at all times, as distinguished from permissive users or guests who should be covered only when occupying the insured automobile. *Davidson v. Eastern Fire & Cas. Ins. Co.*, 245 S. C. 472, 141 S. E. (2d) 135 (1965). This obligation of the insurer is to pay all sums which the insured

shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle. It arises without regard to the activity in which the insured was engaged when injured by the negligence of an uninsured motorist, whether as a motorist, pedestrian, laborer or otherwise. This results from the nature of the insurer's obligation with respect to uninsured motorist coverage, rather than from the use of the words "or otherwise" in the definition of the term "insured."

Charles Russell, while a resident of his grandfather's household, was, by virtue of the statute, an insured under the policy in question at all times. Any attempt by the insurer to exclude him from the full coverage provided by the policy or required by statute would have been illegal. *Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co.,* 247 S. C. 282, 147 S. E. (2d) 273 (1966). However, the definitions section of the Act merely fixed Charles' status as an insured. The coverage afforded him by the applicable insuring agreement must be ascertained from the terms of the policy and the terms of Section 46-750.32, *supra.*

There is no claim that this accident was covered by the terms of the policy. Instead, plaintiff contends that the grandfather's insurer was required by the Act to furnish liability coverage to Charles while he was operating his mother's uninsured vehicle. This is supportable only if the Act requires insurance against liability imposed by law for damages arising out of the use by a statutory insured of *any* motor vehicle regardless of ownership.

We find no such requirement in the statutory language. The relevant section pertains to insurance contracts against "liability arising from the ownership, maintenance or use of *any* motor vehicle, * * * issued or delivered in this State to the owner of *such* vehicle, or * * * issued or delivered * * * upon *any* motor vehicle then principally garaged or principally used in this State * * *." It only requires that such

contracts insure "the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of *such* motor vehicles * * *." The word *such,* as used in the phrase "such motor vehicles," has the connotation of aforementioned, *i.e.,* those vehicles described in liability policies issued in this State. The prescribed coverage is required only as to liability arising from the ownership, maintenance or use of "such (insured) vehicles."

Since the Act did not require the insurer to afford liability coverage with respect to a motor vehicle not described in the policy, this part of the insuring agreement was a voluntary contract as to which the parties were free to choose their terms. There was no conflict between the controlling exclusionary clause and the Act.

Plaintiff's reliance upon our decision in *Pacific Ins. Co. of N. Y. v. Fireman's Fund Ins. Co.,* 247 S. C. 282, 147 S. E. (2d) 273 (1966), is unjustified. In that case the tort-feasor was an insured under the statutory definition, although not so under the terms of the policy. No exclusionary clause was applicable. Once the tort-feasor was identified as an insured, the rights of the parties were fixed by the terms of the contract, not inconsistent with law, which permitted recovery. We follow the same course to the opposite result because an exclusionary provision, not inconsistent with law, is applicable in this case.

We have carefully considered the numerous authorities from this and other jurisdictions cited in the able brief of plaintiff's counsel and find that none is persuasive against the conclusion which we reach. While not precisely in point because the language of the applicable statute is not identical with ours, the decision in *American Motorists Ins. Co. v. Kaplan* 209 Va. 53, 161 S. E. (2d) 675 (1968), which involved analogous facts, supports our view.

Affirmed.

Moss, C. J., and Lewis, Bussey and Littlejohn, JJ., concur.