## 19162

STATE FARM MUTUAL AUTOMOBILE INSURANCE COM-
PANY, Respondent, v. ALLSTATE INSURANCE COMPANY,
John R. Grove, Mrs. John R. Grove, Clarice Couch, David B.
Lasater, a minor over the age of 14 years, Dale L. Lasater, Wallace
R. James, Wallace R. James, Jr., a minor over the age of 14 years,
and James Lewis Harvey, a minor over the age of 14 years, of
whom Allstate Insurance Company is the Appellant.

(179 S. E. (2d) 203

*Messrs. W. Francis Marion,* and *William M. Grant, Jr.,* *of Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Appellant,*

*Messrs. James C. Parham* and *William W. Kehl, of Wyche, Burgess, Freeman & Parham, P.A.,* of Greenville, *for Respondent,*

February 3, 1971.

Brailsford, Justice:

On August 10, 1968, seventeen-year-old Ricky James, Jr., while at work, asked his friend David Lasater to take the 1965 Chevrolet provided for Ricky by his father and pick up a pair of slacks for him at a downtown Greenville department store. While on this errand for Ricky, David was involved in an automobile collision.

The 1965 Chevrolet was titled and registered in the name of Ricky's father, Wallace R. James, and he was the named insured in an automobile liability insurance policy issued to him by State Farm Mutual Automobile Insurance Company. David Lasater was an insured under an automobile liability policy issued to his father by Allstate Insurance Company. State Farm brought this action seeking a declaratory judgment that David was not an additional insured under the omnibus coverage of the James policy, and that Allstate's policy therefore provided sole coverage to David. Allstate countered by seeking a declaration of primary coverage by State Farm and secondary or excess coverage under its own policy. From a judgment for State Farm, Allstate appeals.

State Farm's policy was not introduced into evidence. However, counsel concede that the omnibus coverage afforded by it is limited to that required by Section 46-750.31, including as an insured, *inter alia,* "any person who uses (the insured vehicle) with the consent, expressed or implied, of the named insured * * *." The question therefore becomes

whether David Lasater was an "insured" as defined by the statute. That is to say, was David using the 1965 Chevrolet with the consent of Wallace R. James, expressed or implied? The trial judge, sitting without a jury, found that he was not.

The testimony shows, and the trial judge found, that Mr. James had purchased the Chevrolet in May, 1968, primarily for Ricky's use. Ricky traveled in it to school and, during the summer, to work, and generally used it for whatever purpose he pleased. While other members of the James family were free to use the car, as they occasionally did, Mr. James had specifically forbidden Ricky to let anyone outside the family drive it. Ricky, nevertheless, acknowledged having permitted the car to be driven by friends on four occasions prior to the accident. The trial judge found that Mr. James, before the accident, knew of only one such violation of his instructions. Upon learning of it, he scolded Ricky and repeated his admonition that no one else should be allowed to drive the car. The accident occurred about a week later.

Appellant's exceptions frame three issues, discussed below in the order presented.

Appellant first contends that the named insured's prohibition against the car being operated by a third person is not controlling, nor even germane. It is insisted there exists a distinction between the verbs "use" and "operate". A person is said to "operate" a car when he manipulates its controls by driving it. One "uses" a car, by contrast, when he employs it for a particular purpose. At the time of the accident the Chevrolet was being "used" for a purpose consented to by the named insured, Mr. James. Specifically, David was running an everyday errand for Ricky—just the sort of thing for which the car had been provided. Thus, appellant concludes David's "use" was with the consent of the named insured, whose express prohibition against "operation" by a third person was irrelevant.

A number of cases from other jurisdictions have dealt with the question of omnibus coverage where the named

insured's original permittee—typically a teenaged son or daughter—in turn permits a third person to drive the car for some purpose beneficial to the original permittee, but in contravention of the named insured's prohibition. Such cases are collected in section 12 of the lengthy annotation appearing at 4 A. L. R. (3d) 10 (1965). A number of those cases accept the distinction urged here between "use" and "operate". Finding the vehicle to have been employed at the time of the accident for a permitted purpose or use, omnibus coverage is extended to the third person despite the named insured's express prohibition against his operation. However, these cases are not persuasive on the issue of coverage under our statute because every case turning on the proffered distinction dealt with omnibus coverage differing decisively in terminology from that of our Section 46-750.31. Omnibus coverage in such cases is couched in language virtually identical to that contained, for example, in *Hanover Ins. Co. v. Miesemer,* 42 Misc. (2d) 881, 249 N. Y. S. (2d) 87 (Sup. Ct. 1964). The policy there covered "any * * * person using (the insured) automobile, provided the actual use thereof is with the permission of the named insured." 249 N. Y. S. (2d) at 90. Under such language it is the "actual use" which must be permitted. Accordingly, it is not implausible to find a permitted "actual use", and hence coverage, in the teeth of an express prohibition against "operation" by the third person involved. * Our Section 46-750.31, by contrast, conceded by appellant to bound the scope of respondent's omnibus coverage, extends it to "any person who uses (the insured vehicle) with the consent, expressed or implied, of the named insured * * *." Under this language it is the *person* using the vehicle, and claiming omnibus coverage, who must have the consent of the named insured. Consent must run to the "person who uses," as well as to the use he makes. To hold otherwise would, we think, do violence to

---

* The somewhat different verbiage of the omnibus clause involved in *State Farm Mutual Auto. Ins. Co. v. Allstate Ins. Co.,* 175 S. E. (2d) 478 (W. Va. 1970), conveys the same idea; it is the "actual use" which must be permitted.

the language of the statute. Appellant makes a strong and appealing public policy argument in support of the construction which it urges. However, we are bound by the terms of the statute. Only the legislature has authority to amend it.

Appellant next contends, in substance that Ricky James' dominion over the insured automobile "was so unrestricted that for purposes of coverage under the omnibus clause he should be considered an owner of the car." This claim is buttressed by the fact that Ricky made an unspecified number of payments on the car during the summer following its purchase, thereby gaining a supposed equitable interest in its ownership. But the fact is that omnibus coverage in this case depends upon the consent, not of the owner but of the named insured, Mr. James. The authorities cited by appellant do not say otherwise, nor has our own research revealed support for appellant's proposition.

Lastly appellant urges, in effect, that the named insured's consent to David Lasater's use of the car must be inferred from the evidence as a matter of law. We cannot agree. At best from appellant's standpoint, the evidence raised a factual issue which has been settled by the trier of the facts. For the purposes of this appeal it must be accepted as verity that Ricky violated the named insured's express instructions when he entrusted the automobile to David. There could be no implication of consent by the named insured to that which he expressly prohibited.

Both parties in their briefs have commented on the various rules prevailing in different jurisdictions as to what quantum of deviation from a permitted use will strip a permittee of his original permission. We are told that South Carolina follows the strict rule by which any deviation from the permitted use is fatal. But the question here is not whether David Lasater deviated from the use consented to by the named insured but whether David himself had the named insured's consent to be driving the car in the first place. Nor does it matter whether young Ricky deviated from *his*

permitted use when he turned over the car to David. David's coverage is the subject of this litigation, not Ricky's. Since we think it immaterial what rule determines the point when a permittee forfeits the consent granted him, none of the South Carolina cases cited in argument is persuasive here.

We intimate no view on what the outcome might be in other cases involving a second permittee where the record reveals materially different omnibus terminology or a materially different course of conduct by the parties involved. Each such case must be weighed on its own peculiar facts.

The judgment of the court below is

Affirmed.

Moss, C. J., and LITTLEJOHN, J., concur.

BUSSEY, J., concurs in part but see special concurring opinion No. 19163.

LEWIS, Justice (dissenting):

For the reasons stated in the dissent in *Dearybury v. New Hampshire Insurance Co.*, S. C., 179 S. E. (2d) 206, I would reverse the judgment of the lower court and remand the case for entry of judgment for the plaintiff-respondent.