19163

CORNELIUS H. DEARYBURY, Gloria Dearybury, a minor by her g/a/l, Cornelius Dearybury, William Warren Albert, Jr., by his g/a/l, William Warren Albert, and Allstate Insurance Company, Respondents, v. NEW HAMPSHIRE INSURANCE COMPANY, Appellant.

(179 S. E. (2d) 206)

Messrs. *James H. Watson,* and *O. Doyle Martin, of Leatherwood, Walker, Todd & Mann,* of Greenville, *for the Appellant,*

400

*Messrs. B. O. Thomason, Jr., Love, Thornton, Arnold & Thomason,* and *W. Francis Marion, Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondents,*

February 3, 1971.

BRAILSFORD, Justice.

This appeal involves the application of the omnibus clause of an automobile liability insurance policy on a state of facts which, in the light of the jury's verdict as construed by the trial judge, cannot be distinguished from the facts in *State Farm Mutual Auto. Ins. Co. v. Allstate Ins. Co.,* S. C., 179 S. E. (2d) 203, filed herewith.

The named insured furnished an automobile for the general use of his sixteen-year-old daughter, Gloria, and forbade her to allow anyone else to drive the car. * While on a pleasure ride with her teenage friend, William, she invited him to drive and was seriously injured in a collision which occurred while he was doing so. This action for judgment declaring that William was, in operating the automobile, an insured under the omnibus clause of her father's policy followed.

---

* Conflicts in the testimony on this point were settled by the verdict.

The jury found against coverage, but the trial judge granted judgment *non obstante veredicto* declaring that the policy issued to Gloria's father by the defendant insurance company provided primary coverage to William for all claims arising out of the accident. The court, relying upon the cases annotated in 4 A. L. R. (3d) 10 (1965), referred to in *State Farm, supra,* held that it was immaterial whether Gloria's father had forbidden her to allow another to drive the automobile, saying, "It is the permission to use and not the permission to operate which is controlling." This conclusion is opposed by our opinion in *State Farm,* unless it is justified by policy language affording broader omnibus coverage than required by our statute. We quote from the policy:

*"Persons insured:* the following are insureds under Part 1:

'* * * any other person using such automobile with the permission of the named insured, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission * * *'."

Although there are immaterial differences in verbiage, the policy definition down to the *proviso* adheres strictly to the statute. The *proviso* does not broaden the definition in any way. Instead, its obvious purpose is to provide a shield against the so-called liberal view adopted by some courts in construing omnibus coverage, holding that permission to use an automobile for one purpose implies permission to use it for all purposes, a construction which we rejected as unsound in *Rakestraw v. Allstate Ins. Co.,* 238 S. C. 217, 227, 119 S. E. (2d) 746, 750 (1961).

Reversed and remanded.

Moss, C. J., and LITTLEJOHN, J., concur.

BUSSEY, J., concurs specially in separate opinion.

LEWIS, J., dissents.

BUSSEY, Justice (concurring) :

I am in accord with the conclusions reached in this and the contemporaneous case of *State Farm Mutual Automobile Insurance Company v. Allstate Insurance Company, et al.,* that the respective drivers were not using such vehicles with the "consent, express or implied, of the named insured(s)." Independently, however, of such consent, there is a serious question in my mind, not raised below or here, as to whether or not these drivers were, by statutory law, afforded coverage by the insurers of the vehicles which they drove. There are minors involved in both cases and it is settled that it is the duty of this Court, as well as the duty of guardians *ad litem* and attorneys for minors, to see that their rights are protected. *Cumbie v. Cumbie,* 245 S. C. 107, 139 S. E. (2d) 477. I would, therefore, in the interest of the minors, raise such question *ex mero motu.*

The term "insured", as defined in Sec. 46-750.31 of the Code, includes the following:

"* * * and a guest in such motor vehicle to which the policy applies * * *."

We have previously held that the present statutory definition of the term "insured" was formerly applicable only to uninsured motorist coverage but that by Act No. 312 of the Acts of 1963 such definition was made applicable to liability coverage. *Pacific Ins. Co. of New York v. Fireman's Fund Ins. Co.,* 247 S. C. 282, 147 S. E. (2d) 273; *Willis v. Fidelity & Casualty Co.,* 253 S. C. 91, 169 S. E. (2d) 282.

In each of these cases the question arises as to whether or not the driver of the vehicle was a guest in such vehicle, within the contemplation of the statute, and afforded coverage by virtue of the statute. I would remand each of the cases for the consideration and adjudication of such questions.

LEWIS, Justice (dissenting) :

I do not agree that the language of the policy in this case or the controlling statute requires the construction adopted

in the majority opinion, and therefore dissent. The following from the order of the trial judge, in my opinion, is the correct disposition of the issues:

"The policy of insurance issued by the defendant included the following:

Persons Insured: The following are insureds under Part I:

(a) with respect to the owned automobile,

(1) the named insured and any resident of the same household,

(2) any other person using such automobile with the permission of the named insured, provided his actual operation of (if he is not operating) his other actual use thereof is within the scope of such permission, and

(3) any other person or organization but only with respect to his or its liability because of acts or omissions of an insured under (a) (1) or (2) above;

"The term 'insured' is defined by statute in South Carolina and the definition in defendant's policy must be construed as being at least as broad as the statutory definition." *Pacific Ins. Co. v. Fireman's Fund Ins. Co.,* 247 S. C. 282, 147 S. E. (2d) 273. The South Carolina statute is as follows:

"*46-750.31(2).* The term 'insured' means the named insured, and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above."

The plaintiffs urge that Gloria had equitable title to the Renault and that consequently she had the implied permission of her parents to permit others to drive. The writer does not agree. Mr. Dearybury bought the car for his daughter with his funds with the intention that it should be

used primarily by and for her. However, this gave her no species of title. Her father could have sold the car at any time and pocketed the proceeds. This situation is not to be likened to one where an employed minor pays for an automobile and takes title in his parent's name for reasons of convenience. Gloria had possession of the Renault as a permittee and not as an owner.

This case is not, however, to be decided on the basis of such cases as *Rakestraw v. Allstate Ins. Co.,* 238 S. C. 217, 119 S. E. (2d) 746, and *Eagle Fire Co. v. Mullins,* 238 S. C. 272, 120 S. E. (2d) 1, where a first permittee turned the insured vehicle over to a third party to use for his sole purpose. Neither is it to be decided on the basis of such a case as *Crenshaw v. Harleysville Mutual Casualty Co.,* 246 S. C. 549, 144 S. E. (2d) 810, where the first permittee, an employee, was using the vehicle outside the scope of his employment and far beyond the limits of his permission.

In the instant case Gloria had general and standing permission to use the Renault to go to school and to use it for her pleasure and convenience. There is no question that Gloria was acting within the scope of her permission when she used the Renault on the afternoon in question to take young Albert for a joy ride. Had an accident occurred while she was driving, the defendant's policy would have afforded coverage on either of two grounds: *viz.,* (1) as a resident of the same household and (2) as one using the vehicle with the consent of the named insured. Did coverage cease when young Albert slipped under the wheel?

Mr. Dearybury testified that he had bought the Renault for his daughter's use and that he had told her to use good judgment. He denied that he had told Gloria not to let anyone else drive. However, this was contradicted by Mr. Ed Nelson, an adjuster, who testified that Mr. Dearybury had told him that young Albert did not have permission to drive and that he had told Gloria not to let anyone drive.

Consequently, in passing on the plaintiffs' motion for judgment *n. o. v.* it must be assumed that Gloria had been told by her father not to permit anyone else to operate the automobile and that she violated this instruction when she allowed young Albert to drive. However, despite this, the fact remains that the automobile was being used for her purpose at the time of the accident. Therefore this case is to be considered as one in which the first permittee, in violation of instructions, has allowed a second permittee to drive, but in which the use to which the automobile was being put was within the scope of the original permission. In such a situation the writer feels that coverage is afforded under the statutory definition set out above. In other words young Albert, in the presence of Gloria and for her pleasure, was using the Renault for a permitted purpose. It is the permission to use and not the permission to operate which is controlling.

This is confessedly a liberal or broad construction of the omnibus clause but public policy seems to favor such a construction and there is ample authority to sustain it. A long annotation is to be found in 4 A. L. R. (3d) beginning at page 10. The writer of this annotation cites many cases both sustaining and disallowing coverage but it appears that the greater weight of authority is in favor of coverage. Special attention is called to Secs. 12 and 14 of the Annotation.

On the question of whether Gloria, in violation of her father's instructions, could permit another to drive while she remained as a passenger and thereby bring such third party within the coverage of her father's policy, we find an interesting analogy in the development of the family purpose doctrine in South Carolina. There can be little doubt that had a third party been injured there would have been a cause of action against Mr. Dearybury on the agency fiction which underlies family purpose. *Burbage v. Curry,* 127 S. C. 349, 121 S. E. 267, and *Norwood v. Parthemos,* 230 S. C. 207, 95 S. E. (2d) 168.

Young Albert was not a licensed driver and his operation of the Renault at the time of the accident was in violation of law. However, in the writer's opinion, while this may be of great significance on the question of liability, it has no bearing on the question of coverage.

In the instant case, Mr. Dearybury having furnished the automobile for the use and enjoyment of Gloria and it having been operated by young Albert with her as a passenger, for her use and enjoyment, and within the scope of the initial permission, it is immaterial whether or not Mr. Dearybury had forbidden her to permit another to drive. Under such circumstances young Albert was a permittee so as to bring him within the coverage of the New Hampshire policy.

I would affirm the judgment under appeal.