### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Plaintiff,

**v.**

### NATIONWIDE MUTUAL INSURANCE COMPANY et al., Defendants.

**Civ. A. No. 72–200.**

United States District Court,
D. South Carolina,
Greenville Division.

Oct. 16, 1972.

 

Wyche, Burgess, Freeman & Parham, Greenville, S. C., for plaintiff.

Griffin & Howard, Greenville, S. C., for Haskell D. Simpson.

W. Richard James, Greenville, S. C., for Wilcy Moore.

Leatherwood, Walker, Todd & Mann, Greenville, S. C., for Nationwide Mutual Ins. Co.

## ORDER

HEMPHILL, District Judge.

This matter comes before the court pursuant to the provisions of § 2201, 28 U.S.C.A. and §§ 10–2001 through 10–2004 of the Code of Laws of South Carolina, on the motion of the plaintiff for a declaration by summary judgment in its favor that three (3) automobile insurance policies issued by it do not afford coverage to Dorothy Johnson with respect to an automobile accident occurring on October 17, 1971.

The accident occurred on South Carolina secondary road S–165 near Wilson's Landing in the Friendship Community area of Oconee County between a 1967 Mercury owned by Mack Morris and operated by the defendant, Dorothy Jean Johnson, and a 1964 Ford automobile owned by the defendant, Haskell D. Simpson and operated by the decedent, Jo Anne Simpson. Nationwide Mutual Insurance Company (Nationwide) insured Mack Morris under a policy describing the 1967 Mercury. The plaintiff, State Farm Mutual Automobile Insurance Company (State Farm), had issued policies to the mother and father of Dorothy Jean Johnson. Dorothy Jean Johnson resided at the time of the accident with her parents.

As a result of the accident Jo Anne Simpson, Patsy Jo Moore, Judy Lynn Skeleton and Margaret Davenport were killed. Wrongful death and survival action claims are pending as a result of these deaths together with property damage claims by Haskell D. Simpson, the owner of the Ford automobile.

Nationwide, in the pleadings, has conceded that the Mercury automobile was

being operated with the permission of its named insured and has deposited into court the sum of $20,000.00 representing its total bodily injury coverage.

Plaintiff State Farm issued the following policies to the parents of Dorothy Jean Johnson:

| POLICY NUMBER | NAMED INSURED | DESCRIBED VEHICLE |
|---|---|---|
| S042 854–E14–40 | John Sam Johnson | 1969 Dodge |
| S042 344–E14–40A | Nina Johnson | 1966 Ford |
| S042 345–E14–40 | John Sam Johnson | 1949 Chevrolet Pick-up Truck |

Certified copies of the policies were attached to the motion for summary judgment and are before the court. The issues raised by the motion for summary judgment are based solely upon the provisions of the policies as to which there is no genuine issue as to any material fact. Thus the issues raised are appropriate for summary disposition.

The issues presented by plaintiff's motion for summary judgment are two-fold: (1) Whether the above mentioned policies afford coverage for Dorothy Jean Johnson as an operator of a non-owned vehicle; and (2) if such coverage is found to exist, whether the coverage of the three policies is cumulative or is limited by the terms of the policies.

Each of the policies in question contains the following provision relating to the use of non-owned automobiles:

### USE OF NON-OWNED AUTO-MOBILES

If the named insured is a *person* or *persons*, and if during the policy period such named insured owns a motor vehicle covered by this policy and classified as 'pleasure and business', such insurance as is afforded by this policy with respect to the *owned motor vehicle* under:

(1) coverages A and B applies to the use of a *non-owned automobile* by:

(a) the first *person* named in the declarations or,

(b) his spouse if a *resident* of the same household, and

(c) any other *person* or organization not owning or hiring such *automobile,* but only with respect to his or its liability for the use of such automobile by an insured as defined in subsections (a) and (b) above:

(2) coverages C and M applies to the use of a *non-owned automobile* by the first *person* named in the declarations, or his spouse, if a *resident* of the same household, provided such *bodily injury* results from its operation or occupancy by such named insured or spouse;

Provided such use, operation or occupancy is with the permission of the owner or person in lawful possession of such automobile and is within the scope of such permission.

The definition of *insured* does not apply to Use of Non-Owned Automobiles.

Plaintiff contends that under the terms of this provision no coverage is afforded by its policies to Dorothy Jean Johnson for the use of a non-owned vehicle such as the 1967 Mercury involved in this tragic accident, and that, accordingly, there can be no coverage unless coverage is required under the South Carolina Motor Vehicle Safety Responsibility Act. § 46–750.31 et seq., Code of Laws of South Carolina (Supp.1971).[1]

---

1. § 46–750.31(2) provides:
The term 'insured' means the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies and a guest in such motor vehicle to which the policy applies or the personal representative of any of the above.
§ 46–750.32 provides:
Bodily injury and property damage limits required.—No policy or contract of bodily injury liability insurance or of property damage liability insurance, covering liability arising from the ownership, maintenance or use of any motor vehicle, shall be issued or delivered in this State

Plaintiff further contends that the aforementioned statutes do not require coverage for a non-owned automobile, basing his position on the case of Willis v. Fidelity and Casualty Co., (1969) 253 S.C. 91, 169 S.E.2d 282.

The court will first consider the question of whether the South Carolina Motor Vehicle Safety Responsibility Act requires coverage of Dorothy Jean Johnson as a "statutory insured" in her use of a non-owned automobile. Defendant Haskel D. Simpson contends that the *Willis* case (supra) can be distinguished from the present case. This question however has been rendered moot by the very recent decision of the South Carolina Supreme Court in the case of Crenshaw v. Preferred Risk Mutual Insurance Co., filed September 19, 1972, S.C., 191 S.E.2d 718.[2] In *Crenshaw*, with a fact situation quite similar to the present case, the court held that the Motor Vehicle Safety Responsibility Act required the respondent insurance company to extend coverage to the stepdaughter only while she was driving the vehicle *described in the policy*, and that the exclusion of the stepdaughter from coverage while driving a non-owned vehicle was a valid policy provision.

to the owner of such vehicle, or shall be issued or delivered by an insurer licensed in this State upon any motor vehicle then principally garaged or principally used in this State, unless it contains a provision insuring the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicles within the United States of America or the Dominion of Canada, subject to limits exclusive of interest and costs, with respect to each motor vehicle, as follows: ten thousand dollars because of bodily injury to or death of one person in any one accident, and, subject to such limit for one person, twenty thousand dollars because of bodily injury to or death of two or more persons in any one accident, and five thousand dollars because of injury to or destruction of property of others in any one accident.

2. The court there stated:

The question to be decided is whether Sections 46-750.31(2), supra, and 46-750.32 of the Motor Vehicle Safety Responsibility Act, required that the policy issued by respondent provide coverage for the stepdaughter of the insured while she was driving a vehicle not described in the policy.

While the precise question was not involved in Willis v. Fidelity & Casualty Co. of N. Y., 253 S.C. 91, 169 S.E.2d 282, the interpretation there adopted of the foregoing statutory provisions applies here and requires affirmance of the judgment under appeal. The following from the Willis case is dispositive of the issue in this case:

"There is no claim that this accident was covered by the terms of the policy. Instead, plaintiff contends that the grandfather's insurer was required by the Act to furnish liability coverage to Charles while he was operating his mother's uninsured vehicle. This is supportable only if the Act requires insurance against liability imposed by law for damages arising out of the use by a statutory insured of *any* motor vehicle regardless of ownership.

"We find no such requirement in the statutory language. The relevant section [46-750.32] pertains to insurance contracts against 'liability arising from the ownership, maintenance or use of *any* motor vehicle, * * * issued or delivered in this State to the owner of *such* vehicle, or * * * issued or delivered * * * upon *any* motor vehicle then principally garaged or principally used in this State * * *.' It only requires that such contracts insure 'the persons defined as insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of *such* motor vehicles * * *.' The word such, as used in the phrase 'such motor vehicles,' has the connotation of aforementioned, i. e., those vehicles described in liability policies issued in this State. The prescribed coverage is required only as to liability arising from the ownership, maintenance or use of 'such (insured) vehicles.'

"Since the Act did not require the insurer to afford liability coverage with respect to a motor vehicle not described in the policy, this part of the insuring agreement was a voluntary contract as to which the parties were free to choose their terms. There was no conflict between the controlling exclusionary clause and the Act."

■ Having determined that there would be no coverage of Dorothy Jean Johnson as a statutory insured while driving a non-owned vehicle, the court faces the question of whether or not the terms of the policy itself extend such coverage. Plaintiff State Farm and defendant Simpson both rely on the same policy provisions as supporting their respective positions.

This court has studied the pertinent policy provisions at great length with particular emphasis on the meaning of subsection (1)(c), both standing alone and as it relates to the overall insurance policy.

Subsections (1)(a) and (b) of the provisions relating to the Use of Non-Owned Vehicles clearly extend Bodily Injury Liability (Coverage A) and Property Damage Liability (Coverage B) coverage to the named insured and his or her spouse [3] when using a non-owned vehicle within the terms of the policy. By the terms of subsection (2), Medical Payments (Coverage C) and Major Medical Payments (Coverage M) are also extended to the named insured and his or her spouse. It is important to note here that the persons covered by subsections (1)(a) and (b) and by section (2) are identical. Further, from the wording of section (2) it is clear that no persons other than the named insured and his or her spouse are covered with regard to coverage "C" and "M". This being so, there would no no logical reason for the inclusion of paragraph (1)(c) which extends coverage "A" and "B" to:

(c) any other *person* or organization now owning or hiring such *automobile,* but only with respect to his or its liability for the use of such *automobile* by an insured as defined in subsections (a) and (b) above.

unless it was intended to extend coverage "A" and "B" to some person *other than* the named insured and his or her spouse. The first portion of subsection

(1)(c), up to the word "but", appears to do just that. The remainder of this section however, beginning with the word "but", renders the whole of subsection (1)(c) meaningless, as it limits the coverage of "any other person . . ." to "*his* [the other person's] *liability for the use of such* [non-owned] *automobile by an insured as defined in subsections (a) and (b) above:*", i. e., the named insured and his or her spouse.

Under an automobile insurance policy, the rights of the insured and the liability of the insurer must be determined by the intention of the parties as expressed in the policy.—The test of the intent of the parties to an automobile insurance policy is the common understanding of men, and since an insurance policy is a contract designed to furnish protection, it should, if reasonably possible, be so construed as to accomplish that objective and not to defeat it.[4]

The difficulty in determining the meaning of subsection (1)(c) by a person without legal training, or for that matter even by an attorney, is obvious.

The South Carolina Supreme Court in McElmurray v. American Fidelity Fire Insurance Co., (1956) 236 S.C. 195, 113 S.E.2d 528, 533 stated:

It is elementary, and needs no citation of authority, that the function of courts is to adjudge the enforcement of contracts as they are written and entered into by the parties, if not contrary to law or public policy; the court cannot make them for the parties. It is equally elementary that ambiguities in insurance contracts will be construed against the insurers because they prepare them.

Similarly, any doubt as to the meaning of a clause in an insurance policy should be resolved in favor of the insured and against the insurer. Glisson v. State Farm Automobile Insurance Co., (1965) 246 S.C. 76, 142 S.E.2d 447, 449.

---

3. Coverage of the "spouse" being limited in all cases to a spouse "resident in the same household."

4. 7 Am.Jur.2d Automobile Insurance § 2 (1963).

The most frequently advanced rationale behind the rule of liberal construction in favor of the insured is that, like any written agreement, insurance contracts should be interpreted against the party who is responsible for the language employed and which gives rise to the doubt as to its meaning.

Insurance policies are drawn by the legal advisers of the insurance company, who have studied with care the decisions of the court, and, with such decisions in mind, attempt to limit as narrowly as possible the scope of the insurance. It is only a fair rule, therefore, which courts have adopted, to resolve any doubt or ambiguity in favor of the insured and against the insurance company. Heffron v. Jersey Ins. Co. (1956) (D.C.S.C.) 144 F. Supp. 5, affd. (CA 4) 242 F.2d 136 (1957).

It is the opinion of this court that the provisions of the insurance policies in question, as they relate to the use of non-owned automobiles, are clearly ambiguous and doubtful as to their meaning. This being so, the question of whether or not Dorothy Jean Johnson is covered by coverages "A" and "B" of the policies must be and is decided in favor of coverage.

Having determined that by the terms of the policy Dorothy Jean Johnson is an insured for the purpose of coverage under Coverage "A" and "B" of the policy, it remains to be considered whether this coverage is limited to a single policy. Plaintiff State Farm urges that the following condition, contained in all three policies, clearly limits liability under all such policies to the highest applicable limit under any one policy.

9. Other Insurance. Under coverages A, B, D, G and R with respect to any liability or *loss* to which this and any other automobile insurance policy issued to the named insured by the company also applies, the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability under any one such policy.

Subject to the above paragraph, if the *insured* has other insurance against liability or *loss* covered by this policy, the company under coverages A, B, D and G, shall not be liable for a greater proportion of such liability or *loss* than the applicable limit of liability bears to the total applicable limit of liability of all collectible insurance against such liability or *loss* provided that all of the foregoing provisions and all coverages are subject to the following:

(a) The insurance with respect to a *newly acquired automobile* shall not apply to any liability or loss against which the insured has other collectible insurance applicable thereto in whole or in part.

(b) The insurance with respect to

(i) a temporary substitute automobile,

(ii) a trailer, or

(iii) a non-owned automobile,

owned by any person or organization engaged in the automobile business, shall not apply to any liability or loss against which the insured or the owner of such vehicle has other collectible insurance applicable thereto, in whole or in part.

(c) Subject to the foregoing paragraph (b), the insurance with respect to any other temporary substitute automobile, trailer or non-owned automobile shall be excess over other collectible insurance.

If any person insured hereunder for coverage T also is insured under another policy issued by the company providing such insurance, any payment for indemnity under such other insurance shall serve to reduce, to the extent of such payment, the company's obligation under this policy as respects any indemnity payable to such insured, and the company will return the premium paid for such duplication of the insurance hereunder.

The language of this condition appears clear and unambiguous and the function of this court is therefore to adjudge the enforcement of it as written. In the first paragraph of Condition #9 supra, the limitation of the company's total liability to the highest applicable limit of any one policy is itself limited by its own terms to insurance policies issued by the plaintiff to *"the named insured"*. In two of the three policies under consideration here, #SO42 854–E14–40 and #SO42 345–E14–40, the "named insured" is John Sam Johnson. In the third policy, #SO42 344–E14–40A, the *"named insured"* is Nina Johnson. This being so, the limitation provision is clearly applicable to the two policies issued to John Sam Johnson and the coverage under these two policies is therefore limited to policy #SO42 854–E14–40. The policy issued to Nina Johnson however does not fall under this condition as she is a differet *"named insured"* and coverage is therefore available under this policy as well.

Further support for this position is found in the last paragraph of condition #9 concerning Coverage T, Total Disability, where reference is made to *"any person* insured hereunder" who is "insured under *another policy* issued by the company." It is clear that the plaintiff, had it so intended, could have inserted a similarly broad limitation with regard to the coverages referred to in the first paragraph.

It is, therefore, ordered that the automobile liability policies issued by State Farm to Nina Johnson and John Sam Johnson do provide coverage to Dorothy Jean Johnson for claims arising out of an automobile accident occurring on October 17, 1971.

It is further ordered that the coverage of said policies are not limited to highest applicable limit under any one policy but that the sum of applicable coverage of each named insured in policy numbers SO42 854–E14–40 and SO42 344–E14–40A is available subject to the limitations of paragraph two of Condition 9 governing the extent of plaintiff's liability.

The granting of summary judgment in favor of the defendants does not affect the cross complaint of Nationwide against its co-defendants in its interpleader action. However, it appears that all parties are in default as to the interpleader except for Haskell D. Simpson, Individually and as Administrator of the Estates of Jo Anne Simpson, Patty Jo Moore and Judy Lynn Skeleton, and Billy Ray Davenport, Administrator of the Estate of Margaret Davenport. The court, therefore, holds that since the other parties who had an interest in the interpleader did not file responsive pleadings that the dispute relating to the representation of the Estate of Patty Jo Moore be and the same is hereby resolved in favor of Haskell D. Simpson. The attorney for those answering in the interpleader may present the court with a proposed order for the disbursements of the funds held by the Clerk of Court.

In the event either party desires certificates under 28 U.S.C. § 1292(b), Federal Rules of Civil Procedure, this court is open to such a motion.

And it is so ordered.