2143

MARYLAND CASUALTY COMPANY, Plaintiff v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Jamie Owen Caudle, Thomas C. Caudle, Melvin Brown, Willie Brown, Benjamin Kirven, III, Linda Ann Black, and Allstate Insurance Company, Defendants, of whom State Farm Mutual Automobile Insurance Company is, Appellant, and Jamie Owen Caudle, Thomas C. Caudle, Benjamin Kirven, III, and Linda A. Black, are Respondents.

(441 S.E. (2d) 338)

Court of Appeals

*J.W. Cabaniss, Grimball & Cabaniss,* Charleston, *for appellant.*

*John H. Price, Jr., Stephen A. Butaitis* and *Elbert M. Rozier, Jr.,* North Charleston; *Nancy Chapman McLin* and *Arnold S. Goodstein, Goodstein & Goodstein,* Summerville, *for respondents.*

Heard January 12, 1994.

Decided February 22, 1994. Reh. Den. Mar. 29, 1994.

CURETON, Judge:

This is an insurance coverage case. Maryland Casualty Company, as insurance carrier for Jamie Caudle, brought this declaratory judgment action against State farm Mutual to determine the coverage available to Caudle, the driver in a motor vehicle accident which occurred in a car owned by State Farm's named insured, Melvin Brown. State Farm admitted that it had issued an automobile liability policy to Melvin Brown, but denied that any coverage was available to Jamie Caudle since he was not a permissive user of the vehicle under the terms and conditions of the policy. The Special Master ruled that coverage existed because the use of the insured vehicle was within the scope of consent given by Melvin Brown. State Farm appeals. We affirm.

The vehicle in question was a pickup truck titled and registered to Melvin Brown, although it had been paid for by his fifteen-year-old son, Willie Brown, with the proceeds of a settlement from a personal injury claim. Brown had given his son permission to use the car for any normal purpose but had explicitly told him not to let anyone else drive it. One evening when Willie Brown was driving around with friends, he allowed Jamie Caudle to drive the truck. Jamie hit a tree and injured his two passengers.

State Farm denied coverage under the terms of its policy

which provides coverage for "damages which an *insured* becomes legally liable to pay because of bodily injury to others . . ." "Insured" is defined in the coverage to include "any other person while using such a car if its use is within the scope of consent by you [named insured] or your spouse."

This omnibus clause is similar though not identical to S.C Code Ann. § 38-77-30(6) (Law. Co-op. 1989). Under that Code Section,

> "Insured" means the named insured and, while resident of the same household, the spouse of any named insured and relatives of either, while in a motor vehicle or otherwise, and *any person who uses with the consent, expressed or implied, of the named insured the motor vehicle to which the coverage applies.* . . . (Emphasis added.)

The trial judge found that the "use" that was being made of the pickup at the time of the accident was authorized by Melvin Brown and, thus, Caudle was an insured under the State Farm policy. He reasoned that the language of Section 38-77-30(6) merely provides a minimum scope of coverage which an insurer must provide, but the parties to an insurance contract could agree to a more expansive coverage than is provided by the statute. Relying on *State Farm Mut. Auto. Ins. Co. v. Allstate Ins. Co.*, 255 S.C. 392, 179 S.E. (2d) 203 (1971), the judge construed the omnibus language in the State Farm policy to extend coverage to anyone using the vehicle for a permitted purpose, even if his actual operation of the vehicle was expressly prohibited.

Thus, the question before us is whether a distinction may be drawn between the "operation" and "use" of a vehicle under the language of the State Farm policy. In resolving this issue, we must first determine if the language of the State Farm policy affords broader omnibus coverage than required by S.C. Code Ann. § 38-77-30(6). If not, there is no coverage. The cases establishing this principle are *Dearybury v. New Hampshire Ins. Co.*, 255 S.C. 398, 179 S.E. (2d) 206 (1971); *State Farm Mutual Auto Ins. Co. v. Allstate Ins. Co.*, 255 S.C. 392, 179 S.E. (2d) 203 (1971); and *Southern Farm Bur. Cas. Ins. Co. v. Hartford Accident and Indemnity Co.*, 255 S.C. 427, 179 S.E. (2d) 454 (1971).

State Farm cites *State Farm v. Allstate, supra*, for the

proposition that it is the person using the vehicle and claiming omnibus coverage who must have the consent of the named insured. It argues the consent must run to the person who uses as well as the use he makes of the vehicle. However, this argument overlooks the stipulation in *State Farm v. Allstate, supra,* wherein the parties conceded that the insurer's omnibus coverage afforded under the policy was limited to that required by former Section 46-750 31 (currently S.C. Code Ann. § 38-77-30(6)). The respondents in this case do not make that concession and, in fact, specifically argue that the omnibus coverage in the State Farm insurance policy at issue here extends coverage beyond the minimum set forth in the statute.

In *State Farm v. Allstate, supra,* the South Carolina Supreme Court addressed whether or not omnibus coverage existed for losses resulting from an accident where the son of the named insured permitted his friend to drive the insured automobile despite the named insured's express prohibition from doing so. The Court, in discussing whether a distinction could be drawn under the statute between "operation" and "use" of a vehicle, stated:

> A number of cases from other jurisdictions have dealt with the question of omnibus coverage where the named insured's original permittee—typically a teenage son or daughter—in turn permits a third person to drive the car for some purpose beneficial to the original permittee, but in contravention of the named insured's prohibition. Such cases are collected in Section 12 of the lengthy annotation appearing at 4 A.L.R. (3d) 10 (1965). A number of those cases accepted the distinction urged here between "use" and "operate." Finding the vehicle to have been employed at the time of the accident for a permitted purpose or use, omnibus coverage is extended to the third person despite the named insured's express prohibition against his operation. However, *these cases are not persuasive on the issue of coverage under our statute because every case turning on the proffered distinction dealt with omnibus coverage differing decisively in terminology from that of our Section 46-750-31.* Omnibus coverage in such cases is couched in language virtually identical to that contained,

for example, in *Hanover Ins. Co. v. Miesemer*, 42 Misc. (2d) 881, 249 N.Y.S. (2d) 87 (Sup. Ct. 1964). The policy there covered 'any * * * person using (the insured) automobile, provided the actual use thereof is with the permission of the named insured.' 249 N.Y.S. (2d) at 90. Under such language it is the "actual use" which must be permitted. *Accordingly, it is not implausible to find a permitted "actual use", and hence coverage in the teeth of an express prohibition against "operation" by the third person involved.* (Emphasis added.)

*State Farm v. Allstate*, 179 S.E. (2d) at 204-05.

This passage indicates that a policy omnibus clause containing language similar to that in *Hanover, supra*, justifies a finding of coverage notwithstanding the express prohibition by the named insured against permitting a third person to operate the insured vehicle. The policy provision in *Hanover* provided coverage to:

> "any * * * person using (ths insured) automobile, provided the actual *use thereof* is with the permission of the named insured." (Emphasis added.)

The "its use" language in the policy now before the Court conveys the same meaning as the "use thereof" language in *Hanover, supra*. Both refer to the use of the insured vehicle itself. Therefore, under both the discussion in *State Farm* and the plain meaning of the language of the policy, consent from the named insured need only flow to the use of the vehicle itself.

Moreover, the South Carolina Supreme Court in *Dearybury, supra,* addressed whether there was omnibus coverage when a named insured provided an automobile to a sixteen-year-old daughter for her "general use." The named insured expressly prohibited his daughter from letting anyone else drive the vehicle. The daughter, however, permitted a friend to drive the vehicle in violation of the express prohibition. The daughter was then injured in a collision while the friend was driving the vehicle. The omnibus clause in the policy at issue in *Dearybury* provided coverage to:

> [A]ny other person using such automobile with the permission of the named insured, provided his actual opera-

tion or (if he is not operating) his other actual use thereof is within the scope of such permission[.]

The *Dearybury* court, in reversing the lower court's finding of coverage stated:

The [lower] court, relying upon the cases annotated in 4 A.L.R. (3d) 10 (1965), referred to in *State Farm, supra*, felt that it was immaterial whether [the named insured] had forbidden [his daughter] to allow another to drive the automobile, saying, 'it is the permission to use and not the permission to operate which is controlling.' This conclusion is opposed by our opinion in *State Farm, unless it is justified by policy language affording broader omnibus coverage than required by our statute.* (Emphasis added.) Although there are immaterial differences in verbiage, the policy definition down to the proviso adheres strictly to the statute. The proviso does not broaden the definition in any way.

*Dearybury, supra*, 179 S.E. (2d) at 207.

We find the policy definition in this case is broader than that set forth in the statute. Under *State Farm v. Allstate* and *Dearybury*, we find the use of the vehicle at the time of the accident was within the scope of the consent of the named insured, Melvin Brown. Accordingly, we affirm the judgment of the trial court.

Affirmed.

HOWELL, C.J., and SHAW, J., concur.