18910

Anna Ruth BEHELER, Respondent, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant. Venetia Ann BEHELER, a minor over the age of fourteen, by her Guardian ad Litem, Lenell J. Beheler, Respondent, v. NATIONAL GRANGE MUTUAL INSURANCE COMPANY, Appellant.

(167 S. E. (2d) 436)

*Messrs. Ward, Howell & Barnes, By Louis P. Howell,*
*Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Donald L. Ferguson,* of Greenville, and *Paul M. Moore,* of Spartanburg, *for Respondents,*

April 30, 1969.

Moss, Chief Justice.

These two actions, one by Anna Ruth Beheler, and the other by Venetia Ann Beheler, by her *guardian ad litem,* the respondents herein, were instituted against National Grange Mutual Insurance Company, the appellant herein, to enforce payment of certain judgments previously secured by them against one Joseph Eugene Brown, in personal injury actions.

It appears that on February 27, 1965, that Joseph Eugene Brown, while operating a 1956 Mercury automobile, the title thereto being registered with the South Carolina Highway Department in the name of Robert Floyd Brown, ran into the rear of an automobile in which the respondents were riding as passengers, causing bodily injury to said respondents. Thereafter, the respondents filed suit against Joseph Eugene Brown for the bodily injuries sustained and such resulted in a verdict and judgment in favor of Anna Ruth Beheler in the sum of $15,000.00, and a verdict and

judgment in favor of Venetia Ann Beheler in the sum of $10,000.00.

At the time of the collision which resulted in injuries to the respondents, there was in force and effect an automobile liability insurance policy issued by the appellant to Shirley B. Flint, sister of Joseph Eugene Brown, and covering her 1956 Chevrolet automobile. In the said policy the appellant agreed to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury arising out of the ownership, maintenance or use of the owned automobile or any non-owned automobile. The persons insured under said policy with respect to an owned automobile were the named insured and any resident of the same household, and with respect to a non-owned automobile, the named insured and any relative but only with respect to a private passenger automobile, provided that the actual operation of the non-owned automobile was with the permission of the owner. The policy defines a "non-owned automobile" as one not owned by or furnished for the regular use of either the named insured or any relative.

It is admitted that at the time of the injuries to the respondents that Joseph Eugene Brown resided in the same household with his sister, Shirley B. Flint, at 161 Seay Street, in the City of Spartanburg. It follows that Joseph Eugene Brown was an insured under the policy issued by the appellant to Shirley B. Flint.

It is the contention of the appellant that there was an agreement between Robert Floyd Brown and Joseph Eugene Brown concerning the ownership of the 1956 Mercury automobile and such created a partial equitable ownership of such automobile in Joseph Eugene Brown and, therefore, such Mercury automobile was not a "non-owned" automobile as defined in the liability policy of the insured, and as a result such did not provide coverage to Joseph Eugene Brown while operating such automobile. The appellant further contends that the 1956 Mercury automobile was furn-

ished for the regular use of Joseph Eugene Brown and for this reason such was not a "non-owned" automobile as defined in appellant's liability insurance policy.

This case came on for trial before The Honorable Wade S. Weatherford, Presiding Judge, and a jury. After all the testimony had been taken, by agreement of the attorneys for the parties, the case was withdrawn from the jury and submitted to the court for determination of all issues in the case. The court, by order dated August 10, 1968, resolved all issues in favor of the respondents. This appeal followed.

Robert Floyd Brown, who resided on Edgewood Avenue which was across town from Seay Street where Joseph Eugene Brown resided, purchased the 1956 Mercury automobile from Pierce Motor Company of Spartanburg, South Carolina, in June 1964 and the title to said automobile was registered in his name. He admitted on direct examination that on February 27, 1965, he owned the automobile in question. At the time of the purchase of the automobile, Robert Floyd Brown executed a note and chattel mortgage for the unpaid portion of the purchase price. This witness admitted that the Mercury automobile was at all times garaged at his residence and that his brother, Joseph Eugene Brown, used the automobile but only with his express permission and when it didn't inconvenience him. He also testified that his brother had a set of keys to the automobile and that his brother made certain payments on the mortgage indebtedness on the automobile when he got behind with his payments and also that his brother paid for some repairs on the automobile and furnished the gasoline and oil he used when operating such. He testified that he told Joseph Eugene Brown that if he would help make the payments "when we got the car paid for I would transfer it over in his name and the car would be his."

Joseph Eugene Brown confirmed the testimony of his brother that he had a set of keys to the Mercury automobile, that he made certain repairs thereon and furnished the gasoline and oil when he used the automobile. He fur-

ther stated that during the two month period prior to the collision that he made certain of the weekly payments on the mortgage executed by his brother but did not produce any receipts showing such payments.

The police officer who investigated the collision testified that Joseph Eugene Brown told him at the scene of and immediately after the accident that the owner of the car was Robert Floyd Brown.

The trial judge found as a fact that the 1956 Mercury was owned by Robert Floyd Brown, maintained by him primarily for the use of himself and his wife, and under his control as to use at all times. The trial judge also found as a fact that the use of the 1956 Mercury automobile by Joseph Eugene Brown was on each occasion with the express permission and consent of his brother, Robert Floyd Brown. He further found that the automobile was a private passenger one which was not owned by or furnished for the regular use of Joseph Eugene Brown and that the automobile was a "non-owned automobile" and liability coverage extended to Joseph Eugene Brown under the terms of the aforesaid policy.

This action is one at law and was, by agreement of the parties, tried by the judge without a jury, and his findings of fact have the force and effect of a jury verdict upon the issues, and are conclusive upon appeal when supported by competent evidence. *Garrett v. Pilot Life Ins. Co.,* 241 S. C. 299, 128 S. E. (2d) 171; *Southern Farm Bureau Casualty Ins. Co. v. Ausborn,* 249 S. C. 627, 155 S. E. (2d) 902. We have carefully examined the testimony and conclude that the trial judge has reached a conclusion of which the facts are susceptible. We are bound by his findings of fact.

The appellant alleges that the trial judge committed error in excluding the testimony of the verbal agreement between Robert Floyd Brown and Joseph Eugene Brown concerning the ownership of the 1956 Mercury automobile.

During the course of the trial, while the case was being heard with a jury, the trial judge did sustain an objection as to what the agreement was between Robert Floyd Brown and Joseph Eugene Brown concerning the ownership of the automobile in question. The jury was then excused and the proffered testimony was placed in the record. Thereafter, as the record shows, by agreement of counsel at the conclusion of the testimony, the case was withdrawn from the jury and submitted to the court for a determination of all issues of fact and law. Counsel for the respondents then withdrew his objection to the foregoing testimony and advised the court that it could consider all the testimony, both that offered in the presence of the jury and out of the presence of the jury. The trial judge, in rendering his opinion in this case, did consider this testimony because he referred to such in said order. So, even if there was error in not allowing the testimony during the trial, the court considered such rejected testimony in rendering its decision and the appellant was not prejudiced by the exclusion.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.