## 19574

GOVERNMENT EMPLOYMENT INSURANCE CO., Respondent-Appellant, v. Willie WHITE et al., Respondents, and O. D. Wright, Warren Wright, a minor over 14 years of age, and American Mutual Fire Insurance Company, Appellants.

(194 S. E. (2d) 884)

164

*Messrs. Lee & Moise,* of Sumter, *for Appellants,*

*Messrs. Nash and Chappell,* of Sumter, *for Respondents,*

*Messrs. Weinberg, Weinberg, Bryan & Warner* of Sumter, *for Respondents,*

*Messrs. Lumpkin & LaFaye,* of Columbia, *for Respondent-Appellant,*

*Messrs. Lee & Moise,* of Sumter, *for Appellants, in Reply.*
February 27, 1973.

Moss, Chief Justice:

This action is one under "The Uniform Declaratory Judgments Act", Section 2001 *et seq.,* 1962 Code of Laws. Government Employment Insurance Company brought this action to determine the extent of its liability, if any, under an automobile liability insurance policy issued to Juanita Jeffords. Aetna Casualty & Surety Company was joined as a party to the action because it had in force a garage liability insurance policy providing coverage to one Lee Glover, the owner and operator of a filling station. American Mutual Fire Insurance Company was joined as a party to the action because it had in force a liability insurance policy covering the personal automobile of one O. D. Wright. Several individuals who had an interest in the litigation were also made parties to the action. The facts out of which the litigation arose will be hereinafter stated.

The record shows that on January 31, 1971, O. D. Wright was the owner of a 1965 Plymouth Barracuda automobile. O. D. Wright had his son, Warren Wright, age 19 years, take his automobile to Lee Glover's station to have it serviced. He was instructed by his father to leave the automobile at the service station while Warren was at the Y. M. C. A. in

Sumter. Warren returned to the service station at about 7:30 P.M., accompanied by one Arthur Jeffords, a lad 14 years of age, who was unlicensed and could not drive an automobile, for the purpose of pickng up the automobile. When they arrived at the service station, the automobile had not been serviced. Warren said he placed the automobile on the hydraulic lift in the service bay area, with the intention of changing the oil himself, but he could not find the right wrench with which to remove the oil plug. Warren, Jeffords, and Glover went into the office portion of the station to wait while the car was being serviced by one Willie White, an employee of Lee Glover. Willie White testified that after he had changed the oil in the automobile he went to the door of the filling station and said, "One of y' all come here and crank up the car so I could check the oil filter". Arthur Jeffords apparently, in response to the request of Willie White, walked past Warren and Glover and went into the service bay area and attempted to crank the automobile while the same was in gear, causing it to lunge forward pinning Willie White to the wall resulting in injury to him.

Willie White instituted an action against Arthur Jeffords for the personal injuries he sustained. Government Employment Insurance Company defended Arthur Jeffords under a reservaton of rights. Upon the trial of the case, the jury was unable to agree and a mistrial resulted. Subsequent thereto, all of the parties agreed that Willie White was entitled to recover $7,500 for his injuries but none of the parties to the action admitted liability. However, it was agreed that this declaratory judgment action should determine which insurance company was liable for the agreed settlement.

The case came on to be heard before the Honorable John Grimball, Presiding Judge, without a jury, on motions for summary judgments by the parties to the action, upon the depositions of O. D. Wright, Warren Wright, Arthur Jeffords and the oral testimony of Willie White. Thereafter, the trial judge issued his order finding that American Mu-

tual Fire Insurance Company had primary coverage; Government Employment Insurance Company had secondary coverage and if neither could respond in damages, then Willie White was covered under the uninsured motorist provision of the American Mutual policy. Due notice of intention to appeal was served by Government Employment Insurance Company and O. D. Wright, Warren Wright and American Mutual Fire Insurance Company.

It is the position of O. D. Wright, Warren Wright and American Mutual Fire Insurance Company, appellants, that the garage liability policy issued by Aetna Casualty & Surety Company to Lee Glover afforded coverage to Arthur Jeffords, and it was liable to Willie White for the amount of the agreed settlement. They further assert that the trial judge was in error in not so finding.

The policy of Aetna provides that it would pay on behalf of the insured, all sums which the insured shall become legally obligated to pay as damages because of bodily injury to which the policy applies, caused by an occurrence and arising out of garage operations, including only the automobile hazard for which insurance is afforded.

Under Section IV, "Persons Insured" the policy provides: "Each of the following is an insured under this insurance to the extent set forth below:

Under the Garage Bodily Injury . . . Coverage:

(3) with respect to the automobile hazard:

'(a) any person while using, with the permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission.' "

Aetna contends that its "garage liability policy" does not apply:

"(d) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured . . ."

The term "insured" means the named insured and any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies. Section 46-750.31(2) of the Code.

The permission which puts the omnibus or extended ▉▉ coverage clause of the policy of insurance into operation may be either express or implied, but whether the permission be expressly granted or impliedly conferred, it must originate in the language of the conduct of the named insured or of some one having authority to bind him in that respect. *Rakestraw v. Allstate Ins. Co.,* 238 S. C. 217, 119 S. E. (2d) 746. Implied consent, as the term suggests, rests upon proof of circumstances from which an inference of actual permission or consent reasonably arises. The implication is one of fact based upon circumstantial evidence. Implied consent involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent. *Crenshaw v. Harleysville Mut. Cas. Co.,* 246 S. C. 549, 144 S. E. (2d) 819.

When Wright surrendered the automobile to Lee ▉ Glover for the purpose of having it serviced, the custody and control of the vehicle passed from the owner to Glover. The control of the automobile began at that time and continued throughout the servicing, and likewise was continuing at the time of the injury to White.

There can be no doubt that Glover granted full permission to White to service the Wright automobile and to do whatever was necessary and incidental to such servicing, including the right to operate and use the automobile.

In servicing the Wright automobile, White was acting within the scope of his employment and within the permission granted by Glover. White, the first permittee, allowed Arthur Jeffords, the second permittee, to operate or use the automobile in question and such was for the benefit and advantage of White, the first permittee, as well as Glover, the named insured. It follows that Arthur Jeffords had the

express permission of White and the implied permission of Glover to operate or use the automobile in connection with the servicing thereof, and such was within the scope of the original permission granted White by Glover. *Strickland v. Georgia Casualty & Surety Co.*, 224 Ga. 487, 162 S. E. (2d) 421, and the authorities therein cited.

Having concluded that Arthur Jeffords was using the Wright automobile with the implied consent and permission of Lee Glover, the named insured, Jeffords became an insured under the omnibus clause of the garage liability policy of Aetna.

A number of cases hold that the term "employee of the insured" means the employee of the insured who invokes the protection of the coverage, and unless the injured is the employee of the person who, causes the injury, the exclusionary clause does not prevent recovery against the insured and the insurer. *State Farm Mut. Auto. Ins. Co. v. Employers' Fire Ins. Co.*, 256 N. C. 91, 123 S. E. (2d) 108, and the authorities therein cited. We call attention to, an article in Insurance Counsel Journal, Volume 28, Page 100, entitled "Who is 'The Insured' Revisted," in which it is concluded that a clause such as is contained in Aetna's policy does not exclude coverage in favor of an omnibus insured who is not the employer of the injured party. White was an employee of Lee Glover and not of Arthur Jeffords. It follows that the provision of the policy excluding coverage for bodily injury to an employee of the insured has no application.

Having reached the conclusion that the policy of Aetna afforded coverage to Arthur Jeffords, it is liable to Willie White for the amount of the agreed settlement. The amount of coverage afforded by Aetna's policy is sufficient to pay the agreed settlement.

In view of the conclusion that we have reached, we find it unnecessary to pass upon the other questions raised by the exceptions of the other appellants.

The judgment of the lower court is reversed and this case remanded thereto for entry of judgment in accord with the views herein expressed.

Reversed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.