## 19682

Grady F. KEELER, Appellant, v. ALLSTATE INSURANCE
COMPANY, Respondent

(198 S. E. (2d) 793)

152

*John J. McKay, Jr.,* and *John P. Britton,* of *Rainey, Fant & McKay,* Greenville, *for Appellant,* cite:

*Messrs. William M. Grant, Jr.,* and *Charles E. McDonald, Jr.,* of *Haynsworth, Perry, Marion & Johnstone,* Greenville, *for Respondent,* cite:

August 27, 1973.

Moss, Chief Justice:

This action arises out of an automobile collision which occurred on Shiloah Road, Anderson County, South Carolina, on December 19, 1970. Grady F. Keeler, the appellant herein, was driving his 1968 Ford automobile which collided with a 1958 Chevrolet automobile being driven by Troy D. Taylor, said automobile being insured under an automobile liability insurance policy issued by Allstate Insurance Company, the respondent herein. The 1958 Chevrolet automobile was purchased by Raymond Williams, a minor, but was titled and insured in the name of his father, Broughton M. Williams, with whom he resided. At the time of the collision, this automobile had been loaned by Raymond Williams to Troy D. Taylor, who was also a minor.

The appellant brought suit against Troy D. Taylor for the personal injury and property damage he sustained in the aforesaid collision. The respondent here refused to defend the action on the ground that Taylor was not a permissive

user of the automobile within the terms and provisions of its policy. The case came on for trial before the Honorable Frank Epps, without a jury, and resulted in a judgment in favor of the appellant against Taylor in the amount of $12,-000.00. The parties to this action have stipulated that in the event the appellant is entitled to recover against the respondent, under the terms of the policy, the amount thereof would be $10,500.00. The remaining portion of the judgment would be the liability of Taylor.

This action came on to be heard before the Honorable James H. Price, Jr., Judge of the Greenville County Court, without a jury. Thereafter, Judge Price issued his order in favor of the respondent finding as a fact that the actual use of the automobile by Troy D. Taylor was expressly prohibited and was without the permission, either express or implied, of the named insured, Broughton M. Williams, and the policy of Allstate furnished no coverage for the personal injury and property damage sustained by the appellant. He further found that the use of the automobile by Troy D. Taylor did not serve any purpose of the named insured or his minor son, the initial permittee.

The first question for determination is whether or not the trial judge erred in concluding that the use of the insured automobile, at the time of the collision, was without the permission of the named insured.

The policy of the respondent provides that it would pay, on behalf of the insured, all damages which the insured shall be legally obligated to pay because of bodily injury sustained by any person, and injury to or destruction of property.

The following persons are insured under Section I of the policy: "(1) the named insured with respect to the owned or a nonowned automobile; (2) any resident of the named insured's household with respect to the owned automobile; (3) any other person with respect to the owned automobile, provided the actual use thereof is with the permission of the named insured. . . ."

Under Section 46-750.31(2) of the Code the term "insured" means the named insured and any person who uses, with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies.

The permission which puts the omnibus or extended coverage clause of the policy of liability insurance into operation may be either express, or implied, but whether the permission be expressly granted or impliedly conferred, it must originate in the language or the conduct of the named insured or of some one having authority to bind him in that respect. Implied consent, as the term suggests, rests upon proof of circumstances from which an inference of actual permission or consent reasonably arises. The implication is one of fact based upon circumstantial evidence. Implied consent involves an inference arising from a course of conduct or relationship between the parties, in which there is mutual acquiescence or lack of objection under circumstances signifying assent. *Government Employees Ins. Co. v. White,* S. C., 194 S. E. (2d) 884.

The trial judge found as a fact that Raymond A. Williams wanted to buy a 1958 Chevrolet automobile and his mother contacted an agent of the respondent to determine if this automobile could be insured under her husband's policy. She was informed that this could be accomplished only if the automobile being acquired was titled in her husband's name. The automobile was purchased by the son and titled in his father's name and was thereafter included in the father's policy by the respondent.

On the date of the collision, Troy D. Taylor and Raymond Williams exchanged automobiles for a few hours since Raymond wanted to "try out" Troy's automobile which was newer than his. At the time of the collision Troy was operating the Chevrolet automobile with the permission of Raymond.

The trial judge found that the personal use of the Chevrolet automobile by Raymond was unrestricted and he could

drive it at any time as he deemed necessary or desirable for his personal enjoyment and for driving to and from work. Even though Raymond's personal use of the Chevrolet automobile was unrestricted, his father had warned him about allowing other persons to drive the automobile and had expressly prohibited such. He had specifically instructed Raymond, after having learned that Troy D. Taylor, on a prior occasion, had driven the automobile, that he should not let Troy drive it again.

The trial judge concluded from the evidence that the actual use of the 1958 Chevrolet being made at the time of the collision was without the permission of the named insured and that such use was contrary to a specific prohibition by him. He further concluded that the use by Taylor did not serve a purpose either of the named insured or Raymond, the initial permittee, and such was not for the benefit or advantage of either.

This action is one at law and was, by agreement of the parties, tried by the judge without a jury, and his findings of fact have the force and effect of a jury verdict upon the issues, and are conclusive upon appeal when supported by competent evidence. We have carefully examined the evidence and find that the trial judge has reached a conclusion of which the facts are susceptible. We are bound by his findings of fact. *Beheler v. National Grange Mutual Ins. Co.,* 252 S. C. 530, 167 S. E. (2d) 436.

The trial judge having concluded that the use of the insured automobile by Troy D. Taylor, at the time of the collision, was without the permission of the named insured presents the same issue that was before this Court in *State Farm Mut. Auto Ins. Co. v. Allstate Ins. Co.,* 255 S. C. 392, 179 S. E. (2d) 203; *Dearybury v. New Hampshire Ins. Co.,* 255 S. C. 398, 179 S. E. (2d) 206; and *Southern Farm Bureau Cas. Ins. Co. v. Hartford Accident & Indemnity Co.,* 255 S. C. 427, 179 S. E. (2d) 454. The rule announced in these cases is conclusive of the issue presented here.

The appellant also contends that the trial judge was in error in finding that Raymond Williams did not occupy the equivalent position of a named insured under the automobile liability insurance policy issued by the appellant.

It is the contention of the appellant that since Raymond Williams had purchased the automobile in question that he was, in fact, the owner thereof. The same contention here advanced was made in the case of *State Farm Mut. Auto Ins. Co. v. Allstate Ins. Co.*, 255 S. C. 392, 179 S. E. (2d) 203. What we there said is dispositive of this question. We quote the following:

"Appellant next contends, in substance, that Ricky James' dominion over the insured automobile 'was so unrestricted that for purposes of coverage under the omnibus clause he should be considered an owner of the car.' This claim is buttressed by the fact that Ricky made an unspecified number of payments on the car during the summer following its purchase, thereby gaining a supposed equitable interest in its ownership. But the fact is that omnibus coverage in this case depends upon the consent, not of the owner but of the named insured, Mr. James. The authorities cited by appellant do not say otherwise, nor has our own research revealed support for appellant's proposition."

The judgment of the lower court is,

Affirmed.

BRAILSFORD and LITTLEJOHN, JJ., concur.

LEWIS and BUSSEY, JJ., dissent.

BRAILSFORD, Justice (concurring in result):

I recognize that the omnibus-insured terminology construed in State Farm, 255 S. C. 392, 179 S. E. (2d) 203, and Dearybury, 255 S. C. 398, 179 S. E. (2d) 206, was significantly different from that involved here, and agree that those decisions are not controlling. Nevertheless, I concur in the result of the opinion of the Chief Justice on the basis of the findings of fact of the trial judge stated therein.

LEWIS, Justice (dissenting) :

I find myself in disagreement with the majority opinion and, therefore, respectfully dissent.

The issues require a determination of respondent's liability under a liability insurance policy, issued by it to Broughton M. Williams, covering a 1958 Chevrolet automobile.

The insured automobile was actually owned by the insured's minor son, Raymond, but was titled and insured in the father's name because of the son's minority. On December 19, 1970, the automobile, while being driven by one Troy Taylor with the permission of Raymond, was involved in a collision with an automobile owned and driven by plaintiff-appellant. Subsequently, appellant obtained judgment for his damages against Troy Taylor and then brought this action against respondent to collect such judgment, upon the theory that the operation of the insured vehicle by Troy Taylor, in legal effect, was with the permission of the named insured so as to constitute it a use within the coverage of the omnibus clause of the policy issued by respondent. The lower court denied recovery, holding that the use of the vehicle at the time by Troy Taylor was without the permission of the insured. This appeal folowed.

Applicable here, the following persons, among others, are insured under the permissive use provision of the policy: "(3) Any other person with respect to the owned automobile, provided the actual use thereof is with the permission of the named insured ; . . . ."

While not directly involved, our statute includes within the definition of an insured "the named insured . . . and any person who uses with the consent, express or implied, of the named insured, the motor vehicle to which the policy applies . . . ." Section 46-750.31, Supplement to 1962 Code of Laws.

The sole question which need be decided is whether the lower court erred in holding that the use of the insured auto-

mobile, at the time of the collision, was without the permission of the named insured.

The following are the undisputed facts. Raymond Williams, who lived with his parents, purchased a 1958 Chevrolet automobile. Because of his minority, the car was titled and insured in the name of his father, Broughton M. Williams. Raymond had unrestricted use of the automobile and was allowed to drive it to and from work and "for his personal enjoyment, at any time of day or night, as he deemed necessary or desirable." However, the parents stated that they had expressly prohibited Raymond from allowing anyone else to drive the car and specifically one Troy Taylor.

Troy Taylor owned an automobile which was newer than the 1958 model owned by Raymond and, on December 19, 1970, the two (Raymond and Troy) exchanged vehicles so that Raymond "could see how Troy Taylor's automobile, which was newer than his, operated." Subsequently, Raymond's automobile, while being driven by Troy, was involved in a collision with an automobile owned and driven by plaintiff-appellant. While the lower court has found that this use of the insured vehicle by Troy did not serve any purpose of Raymond, the original permittee, such finding is totally and completely without support in the record. It is undisputed that the exchange of automobiles served a purpose of Raymond, the original permittee. The use by Troy of the insured vehicle was solely for the purpose of allowing Raymond to see how Troy's newer car operated. The exchange certainly served no purpose of Troy and could only have been for the benefit of Raymond who had authority to "drive and use his automobile as he saw fit."

At the time of the accident, Raymond's automobile, admittedly, "was being used for its intended purpose" and was being driven by Troy with Raymond's express permission. Troy assumed that Raymond owned the automobile and knew of no prohibition by Raymond's father or anyone else that would in any way limit Raymond's authority to loan the car.

The question then is whether, under these facts, coverage is extended under the omnibus clause of the policy to the third party, Troy Taylor, despite the named insured's express instructions to his son not to permit such operation.

The controlling, undisputed facts are that Raymond, the original permittee, had unrestricted use of the insured vehicle under such circumstances as to indicate that he was the owner, but under private instructions not to allow anyone to drive it; that Troy Taylor, the second permittee, was operating the vehicle at the time of the collision with the express permission of Raymond, the original permittee; and that such operation of the vehicle served a purpose of Raymond, the original permittee.

We have previously held that our statute (Section 46-750.31, *supra*) did not extend omnibus coverage to a second permittee under facts similar to those presently involved. *State Farm Mutual Automobile Insurance Co. v. Allstate Insurance Company,* 255 S. C. 392, 179 S. E. (2d) 203; *Dearybury v. New Hampshire Insurance Company,* 255 S. C. 398, 179 S. E. (2d) 206; *Southern Farm Bureau Casualty Insurance Co. v. Hartford Accident and Indemnity Co.,* 255 S. C. 427, 179 S. E. (2d) 454.

A distinction was recognized in those cases, however, between the extent of the omnibus coverage under Section 46-750.31 and that which might be provided under policy provisions similar to those involved in this case. The following from *State Farm* draws the distinction and clearly limits the holding of those cases, so as to render them of no binding authority here:

"A number of cases from other jurisdictions have dealt with the question of omnibus coverage where the named insured's original permittee—typically a teenaged son or daughter—in turn permits a third person to drive the car for some purpose beneficial to the original permittee, but in contravention of the named insured's prohibition. Such cases are collected in section 12 of the lengthy annotation appear-

ing at 4 A. L. R. (3d) 10 (1965). A number of those cases accept the distinction urged here between 'use' and 'operate'. Finding the vehicle to have been employed at the time of the accident for a permitted purpose or use, omnibus coverage is extended to the third person despite the named insured's express prohibition against his operation. However, these cases are not persuasive on the issue of coverage under our statute because every case turning on the proffered distinction dealt with omnibus coverage differing decisively in terminology from that of our Section 46-750.31. Omnibus coverage in such cases is couched in language virtually identical to that contained, for example, in *Hanover Ins. Co. v. Miesemer,* 42 Misc. (2d) 881, 249 N. Y. S. (2d) 87 (Sup. Ct. 1964). The policy there covered 'any * * * person using (the insured) automobile; provided the actual use thereof is with the permission of the named insured.' 249 N. Y. S. (2d) at 90. Under such language it is the 'actual use' which must be permitted. Accordingly, it is not implausible to find a permitted 'actual use', and hence coverage, in the teeth of an express prohibition against 'operation' by the third person involved. Our Section 46-750.31, by contrast, conceded by appellant to bound the scope of respondent's omnibus coverage, extends it to 'any person who uses (the insured vehicle) with the consent, expressed or implied, of the named insured * * *.' Under this language it is the *person* using the vehicle, and claiming omnibus coverage, who must have the consent of the named insured. Consent must run to the 'person who uses,' as well as to the use he makes."

The present policy extends coverage to *any person* where the *actual use* of the vehicle is with the permission of the named insured. There is no condition that the person using the vehicle must have such insured's consent. *Actual use* means the use to which the vehicle is being put at the time by the third party; and the fact that the named insured may have instructed his son not to allow a third party to drive the vehicle is irrelevant, since such prohibition refers

to the operation of the vehicle and not the purpose for which the use is permitted.

Under such policy provisions, it is generally held that where the *actual use,* as opposed to *operation,* of the insured vehicle is with the permission of the named insured, the driver is covered as an additional insured. 7 Am. Jur. (2d), Automobile Insurance, Section 117; Annotation: 4 A. L. R. (3d) 10, Sections 12(b), 15; *Strickland v. Georgia Casualty & Surety Co.,* 224 Ga. 487, 162 S. E. (2d) 421 [cited with approval in our case of *Government Employment Ins. Co. v. White,* S. C., 194 S. E. (2d) 884].

The applicable rule is thus stated in the text citation from 7 Am. Jur. (2d):

"The 'general rule' that a permittee may not allow a third party to 'use' the named insured's car has generally been held not to preclude recovery under the omnibus clause where (1) the original permittee is riding in the car with the second permittee at the time of the accident, or (2) the second permittee, in using the vehicle, is serving some purpose of the original permittee. The courts generally reason that under such circumstances the second permittee is 'operating' the car for the 'use' of the first permittee and that such 'use' is within the coverage of the omnibus clause. While some courts apparently would limit this qualification of the general rule to situations where the named insured has not specifically forbidden driving by a third person, it is more generally held that operation by a third person under such circumstances falls within the protection of the omnibus clause even where such operation is specifically forbidden by the named insured."

It is undisputed in this case that, "at the time of this accident the automobile was being used for its intended purpose" and that the actual use to which the vehicle was being put at the time was within the permission granted by the named insured. The driver of the vehicle was, therefore, an additional insured under the policy provisions and the

lower court was in error in holding that respondent's policy did not afford coverage.

I would reverse and remand the case for entry of judgment in favor of appellant.

BUSSEY, J., concurs.