GOVERNMENT EMPLOYEES INSURANCE COMPANY, Plaintiff,

v.

L. A. GRAHAM, Sr., Morgan Walter Wilson, James Watson, Elizabeth Siglers Morrow, Administratrix of the Estate of Sam Morrow, Deceased, Ralph Adkins, Carl Peterson, Alterman Transport Lines, Inc., Gulf Insurance Company and Hartford Accident & Indemnity Company, Defendants.

Civ. A. No. 72–1126.

United States District Court,
D. South Carolina,
Rock Hill Division.

Sept. 30, 1977.

Melvin B. McKeown, Jr., York, S. C., for Gulf Ins. Co.

B. D. Hayes, Rock Hill, S. C., for Hartford Acc. & Indem.

Cleve A. Lytle, Fort Mill, S. C., for James Watson and Elizabeth S. Morrow.

C. Weston Houck, Florence, S. C., for plaintiff.

Thomas A. McKinney, Ridley, Simrill & McKinney, Rock Hill, S. C., John M. Spratt, Jr., York, S. C., for defendants Graham and Wilson.

Robert R. Carpenter, Rock Hill, S. C., for Ralph Adkins, Carl Peterson and Alterman Transport.

## ORDER

HEMPHILL, District Judge.

This is an action for declaratory judgment commenced by Government Employees Insurance Company (GEICO) seeking judgment exonerating it of liability under its combination automobile insurance policy issued to Morgan Walter Wilson in connection with claims asserted by reason of an automobile accident which occurred on or about December 2, 1971. By a consent order dated January 15, 1973, the defendants, L. A. Graham, Sr. and Morgan Walter Wilson were permitted to assert cross-complaints against the defendants, Gulf Insurance Company and Hartford Accident and Indemnity Company to resolve questions concerning the coverages afforded by the respective insurers with respect to claims arising out of the collision of December 2, 1971. The facts set forth in this order are based upon the pleadings, oral arguments (admissions) before this court on October 22, 1973, and depositions of record. Findings of fact are also contained in the unappealed order of the court dated October 31, 1973.

Defendant L. A. Graham, Sr., operates a used car lot in Fort Mill, South Carolina, as a sole proprietor, and employs only one full-time employee. He is insured by Gulf Insurance Company, defendant, under a garage liability policy and has no Workmen's Compensation coverage. On December 2, 1971, the defendant Morgan Walter Wilson was operating a 1967 Chevrolet automobile owned by Graham Used Cars and was proceeding from Fort Mill, South Carolina, to Gilbert, South Carolina, to bring two automobiles purchased by Graham back to Fort Mill. He was accompanied by James Watson and Sam Morrow, who were to drive the two purchased automobiles on the return trip. As a result of an accident between the 1967 Chevrolet and a 1969 International tractor-trailer owned by defendant Carl Peterson and driven by defendant Ralph Adkins, and on lease to defendant Alterman Transport Lines, Inc., Morrow was killed and Watson was injured.

The Administratrix of the Estate of Sam Morrow commenced a wrongful death action against L. A. Graham, Sr., and Morgan Walter Wilson in the Court of Common Pleas for York County. Graham was insured under a garage liability insurance policy issued by Gulf Insurance Company, a copy of which is before the court, and Morrow's wife was the named insured under a policy of insurance issued by Hartford Accident and Indemnity Company which contained an uninsured motorist endorsement in the statutory form. If the Gulf policy provides no coverage, coverage must be afforded by the uninsured motorist endorsement of the Hartford policy.[1] Morrow, as a

---

1. The South Carolina Supreme Court has construed the statutory definition of "insured" as used in the uninsured motorist statute as follows:

In the original formulation of the definition of "insured" the use of the words "while in a motor vehicle or otherwise" was appropriate, although probably unnecessary, to empha-

resident relative of the household of the named insured under the Hartford policy would be covered under the statutory definition forming a part of every uninsured motorist endorsement in South Carolina, and the Hartford policy would provide coverage for the wrongful death claim asserted by the Administratrix of Morrow's estate.

By order dated October 31, 1973, this court granted the motion of GEICO for a summary judgment on the ground that the asserted claims arose out of an "accident arising out of the operation of an automobile sales agency" within an exclusion contained in the GEICO policy issued to Wilson. The order granting the plaintiff's motion for summary judgment did not resolve the rights and obligations of Gulf Insurance Company and Hartford Accident and Indemnity Company, and the resolution of remaining issues is presently before the court. The parties are in agreement that these issues may be determined on the pleadings and depositions before the court, supplemented by copies of the policies of the defendant insurers.

Gulf's claim of non-coverage is based on the following exclusionary language in its garage liability insurance policy:

IV. Persons Insured.

. . . . .

None of the following is an insured: (i) any person while engaged in the business of his employer with respect to bodily injury to any fellow employee of such person injured in the course of his employment; (ii) any person or organization, other than the named insured or its directors, stockholders, partners, members or employees while acting within the scope of their duties as such, with respect to operations performed by independent contractors for the named insured;

. . . . .

EXCLUSIONS:

This insurance does not apply, under the garage liability coverages:

(d) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured

. . .

Under these exclusionary provisions, Gulf essentially argues that the policy excludes coverage (1) for injuries to employees of the insured and (2) for injuries to one employee by another. In considering their first contention the term "employee of the insured" must be considered to determine if this exclusion is applicable in the present case.

Wilson, Watson and Morrow were all employees of Graham for purposes of determining whether or not they were "employees of the insured" for purposes of the policy's exclusion. Graham furnished the car operated by Wilson and paid for the gasoline and gave Wilson money to cover gasoline expenses and expenses for meals for himself, Morrow and Watson. Graham directed Wilson to find two careful drivers to accompany him to Lexington and Gilbert for the purpose of driving automobiles Graham had purchased back to Graham's Fort Mill used car lot. Additionally, Graham was to pay Wilson, Morrow and Watson for the trip.

The leading case construing the term "employee of the assured" as it appears in the exclusionary clause of a liability insurance policy is *Clinton Cotton Oil Co. v. Hartford Accident & Indemnity Co.,* 180 S.C. 459, 186 S.E. 399. In that case, Clinton Oil Company carried a public liability insurance policy with Hartford Insurance Company on its trucks and automobiles. The policy contained a clause excluding coverage for injury or death of any employee of

---

size the legislative intent that the named insured, his spouse and his or her relatives residing in the same household should have the benefit of uninsured motorist coverage at all times, as distinguished from permissive users or guests who should be covered only when occupying the insured automobile. This obligation of the insurer is to pay all sums which the insured shall be legally enti-

tled to recover as damages from the owner or operator of an uninsured motor vehicle. It arises without regard to the activity in which the insured was engaged when injured by the negligence of an uninsured motorist, pedestrian, laborer or otherwise. *Willis v. Fidelity & Casualty Co.,* 253 S.C. 91, 169 S.E.2d 282; *Hogan v. Home Insurance Co.,* 260 S.C. 157, 194 S.E.2d 890.

the assured arising out of or in the usual course of the assured's business. One afternoon a former employee of Clinton Cotton Oil Company came by the offices of its manager to borrow money. While the former employee was at the office it started to rain and the manager requested that the former employee assist in unloading certain foodstuffs from a truck which had just driven to the plant in order to get the foodstuffs out of the rain as quickly as possible. While the former employee was assisting in unloading the truck, the truck backed, crushing the former employee against a wall and inflicting fatal injuries. The personal representative of the former employee thereafter instituted a suit against the Clinton Cotton Oil Company which the cotton company settled. Thereafter, the cotton company instituted an action against its insurer, Hartford Accident and Indemnity Company, seeking recovery of the amount of the judgment and costs and attorney's fees incurred. Hartford set up in its answer the provisions of its policy excluding coverage for any injury to an employee of the insured. The South Carolina Supreme Court held that the former employee was an employee of Clinton Cotton Oil Company at the time of the accident within the meaning of the exclusionary clause contained in Hartford's policy:

> When the plaintiff, through its authorized agent, summoned Boozer from the ranks of the public and put him to work unloading its truck, whether by request or by specific direction, his status as a member of the general public immediately changed, and the defendant *ipso facto* was no longer to be held liable on its policy to the plaintiff for the resulting injury suffered by him while in such employment. . . .
>
> . . . . .
>
> Under the authorities cited above, the status of Boozer became fixed as an employee, without reference to the question of gratuity. It is also clear that at the time of his injury he was engaged in the usual course of the assured's business, in helping to unload a truckload of feedstuff. 180 S.C. at 464, 465, 186 S.E. at 401.

James Watson and Sam Morrow were clearly "employees" at the time of the accident in that the court, in *Clinton*, indicated that even a tenuous employer-employee relationship may suffice to bring the policy's exclusionary clause into play.

Although these men were "employees", as opposed to members of the general public, they were not "employees of the insured" within the meaning of that term as defined by the South Carolina Supreme Court in *Government Employees Insurance Co. v. White*, 260 S.C. 163, 194 S.E.2d 884 (1973).

In the *White* case, GEICO had in effect an automobile liability policy issued to Juanita Jeffords. Aetna Casualty had a garage liability insurance policy providing coverage to one Lee Glover, who owned and operated a filling station. American Mutual Fire Insurance Company maintained in force a liability insurance policy covering the personal automobile of one O. D. Wright. O. D. Wright owned a Plymouth automobile and required his son, Warren Wright, to take this automobile to Lee Glover's station for servicing. Warren took the automobile to the service station and left it there for servicing while he went to the Y.M.C.A. Warren returned to the service station accompanied by one Arthur Jeffords, fourteen years old, who was unlicensed, for the purpose of picking up the automobile. The automobile had not been serviced when they return and Warren Wright placed the car on the hydraulic lift in the service bay area and was going to change the oil himself, but he could not find the correct wrench with which to remove the oil plug. Warren, Jeffords, and Glover went into the office portion of the station to wait while the car was being serviced by the claimant Willie White, who was an employee of Glover. White changed the oil and came into the office portion of the station and asked that someone come out and crank the automobile so that he could check the oil filter. Jeffords, apparently in response to the request of White, walked past Warren and Glover and went into the

service bay area and attempted to crank the automobile while it was in gear, causing it to lunge forward, pinning Willie White to the wall, resulting in injury to him.

White brought suit against Arthur Jeffords. Government Employees Insurance, whose policy covered Juanita Jeffords, defended under a reservation of rights. An action was filed under the Uniform Declaratory Judgment Act and the trial court found that the policy of American Mutual on the personal automobile of Wright had primary coverage, and that Government Employees coverage on Juanita Jeffords was secondary, and if neither could respond in damages, White was covered under the uninsured motorist provisions of the American Mutual policy covering the O. D. Wright automobile. O. D. Wright, Warren Wright, and American Mutual Company contended that the garage liability policy of Aetna providing coverage for Lee Glover afforded coverage to Arthur Jeffords, and that it was liable to Willie White. Under that section of the Aetna policy covering persons insured under the garage coverage we find the following language:

> Each of the following is an insured under this insurance to the extent set forth above: Under the garage bodily injury . . . coverage:
> (3) With respect to the automobile hazard:
> (a) Any person while using, with permission of the named insured, any automobile to which the insurance applies under the automobile hazard, provided as actual operation or (if he is not operating) his other actual use thereof as within the scope of such permission.

Aetna contends that its garage liability policy does not apply:
> (d) to bodily injury to any employee of the insured arising out of and in the course of his employment by the insured . . .

The term "insured" means the named insured and any person who uses, with the consent, express or implied, of the named insured, a motor vehicle to which the policy applies. Section 56–9–810(2), Code of Laws for the State of South Carolina. This statutory definition is directed toward the use of the word "insured" as contained in the insuring agreement so as to give the policy broad coverage in its inclusion of persons insured and clearly makes Morgan Walter Wilson an insured under the terms of the Gulf policy.

After holding that when Wright surrendered the automobile to Lee Glover for the purpose of having it serviced, the custody and control of the vehicle passed from the owner to Glover and continued throughout the servicing, hence was continuing at the time of the injury to White, the court determined that Jeffords had the express permission of White, that White was acting within the scope of his employment with Glover, and that, therefore, Jeffords had the implied permission of Glover to operate or use the automobile in connection with the servicing since White had requested that someone start the car and that Jeffords had followed out this request. The court then turned its attention to the phraseology of Aetna's policy through which they contend that their garage liability policy did not apply. The policy language there and quoted above is the same as the policy language in the action now before this court.

> The South Carolina Supreme Court held, A number of cases hold that the term 'employee of the insured' means the employee of the insured who invokes the protection of the coverage, and unless the injured is the employee of the person who causes the injury, the exclusionary clause does not prevent recovery against the insured and the insurer.

Citing *State Farm Auto Insurance Company v. Employers Fire Insurance Company*, 256 N.C. 91, 123 S.E.2d 108. The court proceeded to cite from Volume 28, Page 100, of the Insurance Counsel Journal an article entitled "Who Is 'the Insured' Revisited" in which it is concluded that a clause such as is contained in the Aetna policy did not exclude coverage in favor of an omnibus insured who is not the employer of the injured party. "White was an employee of

Lee Glover and not of Arthur Jeffords. It follows that the provision of the policy excluding coverage for bodily injury to an employee of the insured has no application."

█ It appears, therefore, that Gulf may not avoid coverage in this case under the exclusion for injuries to employees of the insured because Watson and Morrow were employees of Graham and not of Wilson. However, Gulf relies on an addition exclusion for relief in this case.

Gulf further argues that it is relieved of liability under its garage liability policy by the terms of the contract which provides that "any person while engaged in the business of his employer" is not an insured "with respect to bodily injury to any fellow employee of such person injured in the course of his employment". The "fellow employee" exclusion has been recognized and given effect of various authorities.

In order to avoid the conflicting results discussed above with regard to actions between fellow employees, insurers have in recent years inserted in the omnibus clause a limitation stating that "the insurance with respect to any person or organization other than the named insured does not apply to any employee with respect to injury to or death of another employee of the same employer injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such employer." Accordingly, regardless of whether the suit is brought against the named insured or the additional insured, the insurer will generally be relieved of liability where the circumstances fall within the language of the exclusionary provision. 7 Am.Jur.2d, Automobile Insurance, Section 133.

Probably as a result of the decisions holding that an exclusion of liability for injury to an employee of "the insured" was applicable only where the injured party was an employee of the tortfeasor in whose behalf the insurance protection was invoked, a number of insurers began to include in their policies, ordinarily as a limitation of the coverage provided by the omnibus clause, a stipulation that the insurance did not extend to liability arising from an action by one employee of the insured against another such employee. Such clauses have usually been held effective to protect the insurer in the situation where one employee of the insured brings an action or recovers against another such employee for negligence in the operation of the insured vehicle. Annotation, 50 A.L.R.2d at 99. (Citations omitted).

A stipulation, commonly referred to as the "cross-employee exclusion or exception" which excludes insurance for liability arising from an action by one employee of the insured against another such employee, has commonly been included in automobile liability policies, ordinarily as a limitation of the coverage provided by the omnibus clause. An earlier attempt to exclude from coverage liability for injury to an employee of the insured was made by the inclusion of the so-called "employee exclusion" based on the practical consideration that since the employer generally carries an employer liability policy under the workmen's compensation statutes for the protection of his employees, it would be onerous to again require him to protect them under his general liability policy. However, because of the conflicting decisions on this particular exclusion, the insurers then began to include the "cross-employee exclusion" in the policy.

The most common form of the "cross-employee exclusion" uses words to the effect that the insurance "with respect to any person or organization other than the named insured" does not apply to any "employee" with respect to injury to or death of "another employee" of the "same employer" injured "in the course of such employment" in an accident arising out of the maintenance or use of an automobile in the "business" of such employer. While controversy has arisen about each quoted phrase or term, this exclusion has generally been held effective to bar recovery where the circum-

stances fall within the language of the exclusion. Annotation, 45 A.L.R.3d at 293. (Citations omitted).

Numerous decisions have applied and given effect to the "cross-employee" exclusion. In *Malisfski v. Indemnity Insurance Co.*, 135 F.2d 910 (4th Cir. 1943), the insurance agreement contained an agreement in the omnibus clause that the coverage provided should not extend to any employee of the insured with respect to an action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of employment. The courts held that the quoted provision precluded recovery against the insurer, where an employee of the insured was injured through the negligence of the driver of the truck in which he was working. The court rejected the contention that the word "insured" as used in the exclusionary clause should be construed to mean the insured against whom liability was asserted.

A provision in an automobile liability policy defining the word "insured" to include not only the named insured but also any person using the automobile with the permission of the named insured, but providing that such definition did not apply to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured was held in *General Accident Fire and Life Assurance Corp. v. Kimberly*, 61 Ga.App. 153, 6 S.E.2d 78, to exclude from the coverage of the policy liability of the insurer for injury to an employee of the named insured who while in the course of his employment was injured in an accident due to the negligence of his fellow employee in the use of the insured automobile. And in *Johnson v. Aetna Casualty & Surety Co.*, 104 F.2d 22, the court held that, where employees of the insured, while riding in the insured's automobile, driven by their fellow employee, were injured when the automobile collided with another vehicle due to the negligence of their fellow employee, there was no coverage for the liability of the driver since the policy contained a provision that the term "insured" did not apply to any employee of an insured with respect to any action brought against such employee because of bodily injury to or death of another employee of the same insured.

A similar result was reached in *Robbins v. Liberty Mutual Insurance Co.*, 113 Ga. App. 393, 148 S.E.2d 172, in which wrongful death actions were asserted by the widows of deceased employees killed by the negligent operation of a tractor-trailer by another fellow employee. The court held that under the clear and unambiguous terms of the policy no coverage was provided for the liability of the negligent employee since the insurance with respect to any person other than the named insured did not apply to any employee with respect to injury or death of another employee.

■ Under the plain and unambiguous language of the Gulf Insurance policy coverage was excluded with respect to bodily injury to fellow employees. Plainly, Wilson, Morrow and Watson were employees of Graham and coverage was excluded with respect to the wrongful death action asserted by Morrow's administratrix or Watson's personal injury claim. The applicable rule in construing the insuring agreement was cogently stated by Judge Russell in *Heaten v. State Farm Mutual Automobile Insurance Company*, 278 F.Supp. 725, as follows:

> Even though contracts of insurance are to be strictly construed against the insurer and ambiguities in the contract are to be resolved in favor of the insured, this does not mean that plain language is not to be given its plain meaning or that courts may rewrite such contracts so as to nullify exclusions clearly expressed. It is the duty of the court, not to write contracts, but to enforce them, giving their language its "plain, ordinary and popular sense". In this case, the plain language of the contract clearly excluded the accident on account of which the plaintiff . . . recovered her judgment. The court is obliged to give recognition to, and enforce, such exclusion. 278 F.Supp. at 726.

Therefore, for the foregoing reasons, the provisions of defendant Graham's insurance agreement with defendant Gulf Insurance Company offer no coverage in this case and the defendant Gulf Insurance Company's motion for summary judgment is granted.

AND IT IS SO ORDERED.