JOHN ARTHUR DOUGLAS, RITA LYNN DOUGLAS & RICHARD G. DOUGLAS, BY THEIR GUARDIAN AD LITEM, NAOMI DOUGLAS v. NATIONWIDE MUTUAL INSURANCE COMPANY AND ALICE L. GRIFFIN BY HER GUARDIAN AD LITEM, ALICE DOUGLAS GRIFFIN v. NATIONWIDE MUTUAL INSURANCE COMPANY

No. 8120DC230

(Filed 20 October 1981)

**Insurance § 87.2— automobile insurance—medical payments—permission to use vehicle—innocent mistake as to identity**

Permission to drive an insured automobile given under an innocent mistake as to the identity of the person to whom permission is given is effective so as to require coverage under the medical payments provision of an automobile insurance policy.

APPEAL by defendant from *Huffman, Judge.* Judgment entered 16 October 1980 in District Court, Richmond County. Heard in the Court of Appeals 13 October 1981.

The appeal is from a judgment awarding plaintiffs medical expenses under a family automobile and comprehensive liability policy.

On 17 June 1979, Coy Douglas, Jr., and his wife, Minnie Stanford Douglas, were the owners of a 1975 Buick automobile covered by Family Automobile and Comprehensive Liability Insurance issued by defendant. That morning, Minnie Douglas left home for Rockingham. Before leaving, she told her husband that she had left the keys to the Buick in the ignition. She expected Douglas' brother, Lee, to borrow the car to drive his mother to church.

Between 10:00 and 11:00 a.m., Coy Douglas heard a voice outside his bedroom window. The unidentified speaker asked if he could use the Douglas car. Thinking that the speaker was his brother, Douglas granted permission. He placed no restriction on the use of his car.

That afternoon, the Buick was involved in a one-car accident. Robert Junior Griffin, the unlicensed driver, died as a result of the injuries he sustained. Griffin was the brother-in-law of Coy Douglas. He lived about 100 yards from Douglas. Plaintiffs were passengers in the automobile. Each sustained injuries resulting in

medical expenses. They attempted to recover under the medical payments coverage provision of the automobile insurance policy.

At the close of plaintiffs' evidence and again at the close of all the evidence, defendant moved for a directed verdict. The motions were denied. The court submitted to the jury the issue of whether Robert Junior Griffin at the time of the collision was driving the insured automobile with the permission of Coy Douglas, Jr. Based on the jury's affirmative finding, the court ordered defendant to pay $2,000.00 to plaintiff John Arthur Douglas, $154.50 to plaintiff Rita Lynn Douglas, and $270.00 to plaintiff Richard G. Douglas.

*Leath, Bynum, Kitchin and Neal, by Fred W. Bynum, Jr., for plaintiff appellees.*

*Taylor and Bower, by George C. Bower, Jr., for defendant appellant.*

VAUGHN, Judge.

The issue presented is whether permission given under an innocent mistake as to identity is effective so as to require coverage under the medical liability provision of this automobile insurance policy. We hold that on these facts permission is effective.

An omnibus clause, such as that in the medical liability provision of the present insurance policy, protects persons other than the named insured. Under the clause of this policy, passengers injured while occupying the insured car can recover up to $2,000.00 medical expenses if the driver of the insured car had permission from the named insured to operate the vehicle. The permission required by an omnibus clause may be either express or implied. 7 Blashfield Automobile Law § 315.10 (3rd ed. 1966). It must originate, however, in the language or conduct of the named insured. *Keeler v. Allstate Insurance Co.*, 261 S.C. 151, 198 S.E. 2d 793 (1973).

In the cause at bar, the policy was listed in the name of Minnie Stanford Douglas. "Named insured" is further defined in the policy to include the spouse if a resident of the same household. At the time of the accident, Minnie Stanford Douglas and Coy Douglas, Jr., were living as husband and wife in the same

household. Coy Douglas, Jr., therefore, also had authority to give permission to a third party to use the automobile and coverage would exist. The question is whether the language or conduct of Coy Douglas sufficiently constituted "permission" to Robert Junior Griffin.

At the outset, we note that extended coverage clauses are usually construed in the broadest sense. 7 Blashfield Automobile Law § 315.10 (3rd ed. 1966). The fact, therefore, that Robert Griffin did not have a driver's license and could not legally drive a car does not affect the permission granted. 12 Couch on Insurance 2d § 45.347 (2d ed. 1964). *See Lane v. Surety Co.*, 48 N.C. App. 634, 269 S.E. 2d 711 (1980). Defendant argues that what is decisive is that Coy Douglas was mistaken as to the identity of the person with whom he was speaking. Defendant contends that permission given under such a mistake of fact is ineffective.

Since "permission" is not defined by the policy, analogy to contract and tort principles is beneficial. Under North Carolina contract law, unilateral mistake without fraud, undue influence, or other oppression is insufficient to avoid a contract. *Gill v. Seaboard Air Line R. Co.*, 208 F. 2d 7 (4th Cir. 1953). In the present case, there is no evidence that Douglas' mistake was due to any misrepresentation by Robert Griffin. Griffin asked if he could borrow the car and Douglas said "Okay." Douglas never questioned the speaker as to his identity nor looked outside his bedroom window. The situation is similar to one's signing an instrument in ignorance of its contents although the ability and opportunity to read the instrument are present. *Davis v. Davis*, 256 N.C. 468, 124 S.E. 2d 130 (1962). In neither instance under contract law does ignorance constitute relief from liability.

Applying tort law, Douglas' permission is also effective. If plaintiff manifests consent to defendant's actions under a mistake as to the actions' nature, the consent is still effective unless the defendant was aware of plaintiff's mistake and took advantage of it. Restatement (Second) of Torts § 892B (1979). There was no reason in the present case for Robert Griffin to believe Douglas' permission was to someone other than himself. Douglas expressly told Griffin he could drive the car. He did not place any restrictions on the car's use.

Where a policy provision is susceptible of two interpretations, one which imposes liability upon the company and the other which does not, North Carolina courts have construed the provision in favor of coverage. *See, e.g., Wright v. Casualty Co. and Wright v. Insurance Co.*, 270 N.C. 577, 155 S.E. 2d 100 (1967); *Bank v. Insurance Co.*, 49 N.C. App. 365, 271 S.E. 2d 528 (1980). We, therefore, hold that the essential permission required under the medical payments coverage of this policy is permission to the driving of the insured vehicle by the person to whom that permission is given. Since ultimate control over the automobile remains with the named insured, a mistake as to the identity of the permitted person which is not caused by that person's representations will not negate the consent given.

In the case at bar, there was sufficient evidence from which a jury could find Robert Junior Griffin was the speaker outside the Douglas window and that he received permission from Douglas to operate the insured automobile. The court, therefore, properly denied defendant's motions for a directed verdict. We also find no error in the court's instructions to the jury. The judgment is affirmed.

Affirmed.

Judges HILL and WHICHARD concur.